**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAMETRIUS THORNTON and TRACY MANNING, | )<br>)<br>) |
| Plaintiff, | ) Case No.:<br>) |
| v. | ) Complaint for Violation of Civil Rights and<br>) Supplemental State Claims<br>) |
| Sergeant Andrew Santa, Star No. 9581, Inspector Daniel Slocum, Star No. 9370, Unknown and Unnamed Police Officers, Village of Oswego, Kendall County Cooperative Police Assistance Team, and Kendall County, | ) **JURY DEMANDED**<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiffs Dametrius Thornton ("Thornton") and Tracy Manning ("Manning") (collectively "Plaintiffs") were and are citizens of the United States and were within the jurisdiction of this Court.

4. At all times mentioned herein, Sergeant Andrew Santa, Star No. 9581, Inspector Daniel Slocum, Star No. 9370, Unknown and Unnamed Police Officers (Collectively "Defendant Officers") were employed by the Village of Oswego Police Department, Kendall County

Cooperative Police Assistance Team, and/or Kendall County and acted under the color of state law and as the employee, agent, or representative of the Village of Oswego Police Department, the Kendall County Cooperative Police Assistance Team, and/or Kendall County. Plaintiffs are suing Defendant Officers in their individual capacities.

5. The Kendall County Cooperative Police Assistance Team is a task force that is comprised of state, county, and local law enforcement contributors who pool their resources to participate in a multi-jurisdictional enforcement group.

6. At all times mentioned herein, Kendall County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all times material, Kendall County maintained, managed, and/or operated the Kendall County Cooperative Police Assistance Team.

7. At all times mentioned herein, the Village of Oswego was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the Village of Oswego maintained, managed, and/or operated the Oswego Police Department and the Kendall County Cooperative Police Assistance Team.

## FACTUAL ALLEGATIONS

8. On or about July 14, 2022, at all times material, Plaintiffs resided at 113 Fox Chase Dr. S. Oswego, Illinois.

9. Thornton was legally inside the residence when Defendant Officers broke down the door and entered the residence.

10. Defendant Officers did not have consent or just cause to break down the door and/or enter the residence.

11. Upon entering the residence, one or more Defendant Officers pointed their guns at Thornton.

12. There was no just cause to point any guns at Thornton.

13. Further, one or more Defendant Officers forcefully tackled Thornton.

14. There was no just cause to tackle Thornton or use any force on him.

15. Thereafter, one or more Defendant Officers forcefully handcuffed Thornton.

16. There was no just cause to handcuff or to use force while handcuffing Thornton.

17. Thornton was taken into a police vehicle and transported to Kendall County Jail.

18. There was no just cause to transport Thornton to and keep him in jail.

19. Later that day, Thornton was released without receiving any charges.

20. During the above-described incident, one or more Defendant Officers caused significant damage to Plaintiffs' property, including shattering an urn with Manning's deceased father's ashes.

21. There was no legal cause to cause property damage to any personal property, including the urn.

22. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiffs suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

23. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within

action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### PLAINTIFFS AGAINST DEFENDANT OFFICERS FOR WRONGFUL ENTRY INTO THEIR RESIDENCE IN VIOLATION OF THE FOURTH AMENDMENT

25. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiffs' residence violated their Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiffs' rights by breaking down their door and entering the residence without consent or just cause and causing excessive and unnecessary property damage, including shattering an urn with Manning's father's ashes. The foregoing was unnecessary, unreasonable, and excessive, violating Plaintiffs' rights. Accordingly, Defendant Officers are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT II
### THORNTON AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION AND/OR ARREST IN VIOLATION OF THE FOURTH AMENDMENT

28. Thornton hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29. Defendant Officers deprived Thornton of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted

thereunder.

30. The arbitrary detention and/or arrest of Thornton violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Thornton's rights by pointing a gun, handcuffing, and unlawfully detaining and/or arresting Thornton without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Thornton's rights. Accordingly, Defendant Officers are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### THORNTON AGAINST DEFENDANT OFFICERS FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

32. Defendant Officers seized and used force and/or the threat of force against Thornton by pointing a gun, tackling, and handcuffing him.

33. There was no legal cause to use force or the threat of force against Thornton.

34. Because of Defendant Officers' conduct, Thornton was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

35. The force inflicted upon Thornton was unnecessary, unreasonable, and excessive and violated Thornton's Fourth Amendment Rights. Therefore, Defendant Officers are liable to Thornton pursuant to 42 U.S.C. § 1983.

## COUNT IV
### THORNTON AGAINST DEFENDANTS FOR THE STATE LAW CLAIM OF BATTERY

36. Thornton hereby incorporates and re-alleges paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

37. Defendant Officers intentionally made harmful and/or offensive physical contact by tackling and handcuffing Thornton.

38. Thornton did not consent to physical contact by Defendant Officers.

39. The actions of Defendant Officers caused Thornton to suffer damages, including but not limited to contusions to his body, humiliation, emotional distress, unwanted touching, and mental anguish.

40. The Village of Oswego, the Kendall County Cooperative Police Assistance Team, and/or Kendall County are liable pursuant to *respondeat superior*.

41. The physical contact with Thornton was unnecessary and unreasonable, violating state law. Thus, Defendants are liable to Thornton.

## COUNT V
### THORNTON AGAINST DEFENDANTS FOR THE STATE LAW CLAIM OF ASSAULT

42. Thornton hereby incorporates and re-alleges paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

43. Defendant Officers caused Thornton to reasonably apprehend imminent bodily harm by approaching him, pointing a gun, and tackling him to the ground.

44. Thornton did not consent to physical contact by Defendant Officers.

45. The actions by Defendant Officers caused Thornton to suffer damages, including but not limited to humiliation, emotional distress, and mental anguish.

46. The Village of Oswego, the Kendall County Cooperative Police Assistance Team, and/or Kendall County are liable pursuant to *respondeat superior*.

47. The causing of apprehension of imminent bodily harm to Thornton was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Thornton.

## COUNT VI
### THORNTON AGAINST DEFENDANTS FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT/ARREST

48. Thornton hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

49. Defendant Officers intended to and did confine Thornton within fixed boundaries.

50. Plaintiff was conscious of the confinement mentioned above and/or harmed by it.

51. Defendant Officers violated the law by falsely imprisoning/arresting Thornton.

52. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendant Officers.

53. The Village of Oswego, the Kendall County Cooperative Police Assistance Team, and/or Kendall County are liable pursuant to *respondeat superior*.

54. Thornton's imprisonment/arrest was unnecessary and unreasonable. Therefore, Defendants are liable for the supplemental state law claim of false imprisonment/arrest.

## COUNT VII
### PLAINTIFFS AGAINST DEFENDANTS FOR THE STATE LAW CLAIM OF TRESPASS

55. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place

56. Defendant Officers entered Plaintiffs' property without consent or authorization by law.

57. Plaintiffs were damaged emotionally and otherwise from Defendants' unlawful acts, including shattering an urn with Manning's father's ashes.

58. The Village of Oswego, the Kendall County Cooperative Police Assistance Team, and/or Kendall County are liable pursuant to *respondeat superior*.

7

59. The entrance onto Plaintiffs' property was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs Dametrius Thornton and Tracy Manning, by and through their attorneys, Ed Fox & Associates, request judgment as follows:

1. That individual Defendants and each of them, known and unknown, and other unnamed and unknown Defendants be required to pay Plaintiffs general damages, including emotional distress and pain and suffering, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiffs special damages;

3. That these same Defendants be required to pay Plaintiffs' attorneys fees pursuant to § 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. At all times mentioned herein, the Unknown and Unnamed Police Officers were employed by the Village of Oswego, Kendall County Cooperative Police Assistance Team, and/or Kendall County and were acting under the color of state law and as the employee, agent, or representative of the Village of Oswego, Kendall County Cooperative Police Assistance Team, and/or Kendall County. These Officers are being sued in their individual capacities. When the names of these Officers are ascertained, Plaintiffs will seek leave of Court to amend this complaint to add their names.

5. Village of Oswego, Kendall County Cooperative Police Assistance Team, and/or Kendall County be required to pay Plaintiffs punitive and exemplary damages in a sum to be ascertained;

6. That Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

7. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com