**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAZMIN NORIEGA, MAYRA A. LORA OCHOA, LORENA D. OLIVERO BARRIOS, ANA E. NARVAEZ RUIZ, and BERNARD TROLY, on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-12621 |
| | ) | Hon. Virginia M. Kendall |
| PURE'S FOOD SPECIALTIES, LLC and JESUS SALAZAR | ) ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) ) | |

**DEFENDANT PURE'S FOOD SPECIALTIES, LLC'S MEMORANDUM OF**
**LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'**
**COMPLAINT**

Defendant Pure's Food Specialties, LLC ("Pure's Food"), by and through the undersigned attorneys, submits this Memorandum of Law in Support of Its Motion to Dismiss the Complaint filed by Plaintiffs Jazmin Noriega, Mayra A. Lora Ochoa, Lorena D. Olivero Barrios, Ana E. Narvaez Ruiz, and Bernard Troly (each, a "Plaintiff," and collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**INTRODUCTION**

Plaintiffs filed this lawsuit against Pure's Food and its former employee Jesus Salazar ("Mr. Salazar") (together, "Defendants") based on Mr. Salazar's placement of a hidden video camera in a restroom at Pure's Food's facility in Northlake, Illinois. From July 2024 to January 2025, Salazar allegedly used this video camera to record surreptitiously male and female employees, including Plaintiffs, in the restroom. Plaintiffs allege Pure's Food is liable, as Mr. Salazar's then-employer, for the following purported conduct by Mr. Salazar: (1) interception of

1

wire, oral, and/or electronic communications in violation of Title I of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* (the "Federal Wiretap Act") (Count I); (2) sexual harassment of Plaintiffs in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Illinois Human Rights Act, 775 ILCS 5/1 *et seq.* ("IHRA") (Count II); and (3) intrusion upon seclusion of the Plaintiffs in violation of Illinois law (Count IV). Plaintiffs further allege that Pure's Food retaliated against three of the Plaintiffs in violation of Title VII and the IHRA (Count III).

There is no question: Mr. Salazar's conduct was abhorrent. Pure's Food is sympathetic to the harm Mr. Salazar has caused Plaintiffs. Nonetheless, Plaintiffs fail to plead actionable legal claims against Pure's Food based on Mr. Salazar's conduct. Count I, violation of the Federal Wiretap Act, should be dismissed because: (A) Mr. Salazar was not acting within the scope of his employment when he secretly recorded Plaintiffs; and (B) Plaintiffs fail to plead facts to suggest plausibly that Mr. Salazar intercepted their oral communications. Count II, sexual harassment, should be dismissed because Mr. Salazar's conduct—while indefensible—cannot sustain a claim for hostile work environment sexual harassment because: (A) it targeted employees of both sexes; and (B) Plaintiffs cannot show they were aware of Mr. Salazar's conduct while it was in progress. Count III, retaliation, should be dismissed because Plaintiffs fail to allege Pure's Food had actual knowledge of Plaintiff's charges of sexual harassment with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") based on Mr. Salazar's conduct (collectively, the "Charges," and each, a "Charge") at the time of the alleged adverse employment actions. Finally, Count IV, intrusion upon seclusion, should be dismissed because: (A) Mr. Salazar was not acting within the scope of his employment when he secretly filmed Plaintiffs; and (B) Plaintiffs are barred from recovery for their workplace injuries as a

matter of law under the Illinois Workers' Compensation Act ("IWCA"). Taken together, Plaintiffs' complaint should be dismissed in its entirety.

## RELEVANT FACTUAL BACKGROUND[1]

### I.      Mr. Salazar Installed a Hidden Video Camera and Secretly Recorded Employees Using the Restroom at Pure's Food's Facility in Northlake, Illinois.

Plaintiffs allege, from approximately July 3, 2024 to approximately January 7, 2025, Mr. Salazar secretly recorded approximately thirty employees, including Plaintiffs, using a camera he installed under the sink, facing the toilet, at a restroom at Pure's Food's Northlake, Illinois facility. (Compl. ¶¶ 9-10). Plaintiffs assert these recordings captured private body parts. (Compl. ¶ 10).

### II.     Plaintiffs Filed Charges with the Equal Employment Opportunity Commission and Illinois Department of Human Rights.

Plaintiffs allege, after learning of Mr. Salazar's conduct, they each cross-filed Charges with the EEOC and the IDHR. (See Compl. ¶¶ 18, 20, 22). Plaintiffs allege Plaintiff Noriega filed her Charge on June 20, 2025; Plaintiff Narvaez filed her Charge on July 11, 2025; and Plaintiff Troly filed his Charge on July 12, 2025. (See Compl. ¶¶ 18, 20, 22). Plaintiffs do not allege when Pure's Food received the Charges.

### III.    Pure's Food Allegedly Ended Plaintiff Troly's Employment and Plaintiff Narvaez's Employment.

Plaintiff Troly alleges Pure's Food terminated his employment on July 16, 2025, four days after he filed his Charge. (Compl. ¶¶ 20, 23). Plaintiff Narvaez alleges Pure's Food terminated her employment on August 27, 2025.[2] (Compl. ¶ 21). Plaintiffs Troly and Narvaez further allege Pure's Food terminated their employment "shortly after" they filed their Charges. (Compl. ¶ 42).

---

[1] Pure's Food disputes many of Plaintiffs' purported facts but takes them as true for purposes of their motion to dismiss only.

[2] Pure's Food did not terminate Ms. Narvaez's employment. Ms. Narvaez voluntarily resigned.

## IV. Ms. Noriega Experienced a Change to Her Company-Provided Mental Health Treatment.

Plaintiff Noriega alleges Pure's Food offered to fund "mental health therapy" for her after she learned she had been recorded by Mr. Salazar. (Compl. ¶ 16). Plaintiff Noriega states she accepted Pure's Food's offer. (Compl. ¶ 17). Ms. Noriega alleges Pure's Food terminated its funding for Ms. Noriega's mental health treatment after she filed her Charge. (Compl. ¶ 19).

## V. Plaintiffs File a Lawsuit Against Pure's Food and Mr. Salazar.

Plaintiffs filed their lawsuit against Defendants on October 15, 2025. (*See* Compl.).

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must: "(1) describe the claim in sufficient detail to give the Defendant fair notice of the claim and grounds on which it rests; and (2) contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]egal conclusions, or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" are insufficient. *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018). Dismissal is appropriate where a review of the complaint, taking all factual allegations in the complaint as true, reveals that no viable cause of action exists. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007).

## ARGUMENT

Plaintiffs' Complaint against Pure's Food should be dismissed for the following reasons: (I) Plaintiffs' Federal Wiretap Act claim (Count I) should be dismissed because: (a) Plaintiffs have

4

not pled facts to suggest that any of their oral communications were intercepted; and (b) Plaintiffs fail to plead facts to suggest Mr. Salazar was acting within the scope of his employment when he recorded Plaintiffs; (II) Plaintiffs' sexual harassment claims under Title VII and the IHRA (Count II) should be dismissed because Plaintiffs fail to allege that: (a) Mr. Salazar's conduct was "on the basis of" Plaintiffs' sex; or (b) Plaintiffs were aware that such conduct was occurring at the time it took place such that it created a hostile work environment; (III) Plaintiffs' retaliation claims under Title VII and the IHRA (Count III) should be dismissed because Plaintiffs fail to plead facts to suggest there was a causal nexus between Plaintiffs Troly's, Narvaez's and Noriega's protected activities and the alleged adverse employment actions; and (IV) Plaintiffs' intrusion upon seclusion claim should be dismissed because: (a) Plaintiffs fail to plead facts to suggest that Mr. Salazar was acting within the scope of his employment when he recorded Plaintiffs; and (b) Plaintiffs' claim is barred by the IWCA.

I.    **Plaintiff's Federal Wiretap Act Claim (Count I) Should be Dismissed Because Plaintiffs Have Not Pled Facts to Suggest That Any Oral Communications Were Intercepted and Fail to Plead Facts to Suggest Mr. Salazar Was Acting Within the Scope of His Employment When He Recorded Plaintiffs.**

Plaintiffs' Federal Wiretap Act claim (Count I) should be dismissed because Plaintiffs: (a) have not pled facts to suggest that any of their oral communications were intercepted; and (b) have failed to allege Mr. Salazar was acting within the scope of his employment.

A.  **Plaintiffs Have Not Pled Facts to Suggest That Any of Their Oral Communications Were Intercepted.**

The Federal Wiretap Act provides that "any person who…intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication" may be subject to liability, to include a civil penalty. 18 U.S.C. § 2511(1)(a), (5)(a)(ii). Notably, the definition of "wire, oral, or electronic communication" does

not include silent video surveillance. *United States v. Koyomejian*, 970 F.2d 536, 538 (9th Cir. 1992) (finding that the "plain meaning" of this statutory definition "do[es] not apply to silent video surveillance."); *Allen v. Brown*, 320 F. Supp. 3d 16, 18 (D.D.C. 2018) ("Indeed, *every* federal appeals or district court to have considered the question has concluded that silent video surveillance is not covered by the federal wiretapping statute."). (Emphasis in original). Count I should be dismissed because Plaintiffs fail to plead facts sufficient to give rise to a plausible inference Mr. Salazar recorded any oral communications by Plaintiffs.

Plaintiffs vaguely allege Mr. Salazar's video recording "captured wire, oral, and/or electronic communications of employees using the restroom." (Compl. ¶ 26). This allegation is nothing more than an "and/or" threadbare recital of the legal elements of the claim. *See, e.g., Tobey*, 890 F.3d at 639. Plaintiffs further allege, "[u]pon information and belief, the HD Mini Wi-Fi Camera that Defendant Salazar installed in the restroom captured both audio and video" and the camera "captured at least one person speaking on the phone." (Compl. ¶ ¶ 5, 11). However, Plaintiffs do not allege the camera captured *audio* of this purported phone call by an unidentified person, nor do Plaintiffs identify any other purported oral communications that were captured by the video recordings. Most significantly, Plaintiffs do not allege they engaged in oral communications in the restroom during the relevant time period or that any of their oral communications were recorded. It is not sufficient that the camera may have been *capable* of capturing oral communications or that it may have captured oral communications of an unidentified individual speaking on the phone; Plaintiffs must allege specific facts to make it plausible Mr. Salazar recorded *Plaintiffs'* oral communications. As such, Plaintiffs fail to plead Mr. Salazar intercepted any oral communication by a Plaintiff. Because Plaintiffs cannot plead

that Mr. Salazar's recordings fall within the ambit of the Federal Wiretap Act, Count I should be dismissed.

### B. Plaintiffs Fail to Plead Facts to Suggest Mr. Salazar Was Acting Within the Scope of His Employment When He Recorded Plaintiffs.

Plaintiffs also have failed to plead facts to suggest plausibly that Mr. Salazar was acting within the scope of his employment when he secretly recorded them in the restroom. Under Illinois law, an employee's conduct is within the scope of employment only if such conduct: (a) is of the kind he is employed to perform; (b) occurs substantially within the authorized time and space limits; and (c) is actuated, at least in part, by a purpose to serve the [employer]." *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 164 (2007) (citation omitted). Conduct is not within the scope of employment if "it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the [employer]." *Id.* Whether an employee acted within the scope of his or her employment is generally a question for the factfinder. However, Illinois courts routinely have held as a matter of law that employees were not acting within the scope of their employment "when no reasonable person could conclude otherwise." *Powell v. City of Chi.*, 2021 IL App (1st) 192145, ¶ 38 (affirming lower court's dismissal of plaintiff's claim against the City, concluding as a matter of law that employee was not acting within the scope of employment as a police officer when he sexually assaulted an individual in custody); *Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962 (1st Dist. 1988) (upholding trial court's decision to grant defendant's motion to dismiss because sexual assault of child by daycare teacher is a deviation from the scope of employment as a matter of law); *Bagent*, 224 Ill. 2d at 165.

Here, Plaintiffs cannot reasonably allege Mr. Salazar's conduct was: (a) of the type that Mr. Salazar was authorized to perform; and (b) actuated, at least in part, by a purpose to serve Pure's Food. Illinois courts have held sexual misconduct similar to Mr. Salazar's conduct is, as a

matter of law, outside the scope of employment. *See Deloney v. Bd. of Educ. of Thornton Twp.*, 281 Ill. App. 3d 775, 786 n. 5 (1st Dist. 1996); *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, ¶ 28 (1st Dist. 2012); *Randi*, 170 Ill. App. 3d at 962. Further, multiple courts have held that Mr. Salazar's exact conduct does not fall within an employee's scope of employment. For example, in *McGlenn v. Madison Metropolitan School District*, the court rejected the notion that a teacher who filmed students in their hotel bathrooms during field trips was acting within the scope of his employment by allegedly "supervising" the students, concluding that "[n]o reasonable jury could find that [the teacher's] conduct was 'actuated by a purpose to serve the employer' or that his conduct was 'part or incident of the services contemplated.'" 738 F.Supp.3d 1071, 1090 (W.D. Wis. 2024). Likewise, in *Mokhtarian v. Fasci*, the court dismissed with prejudice the plaintiff's claim of *respondeat superior* liability against the employer, finding that a civilian employee of the United States Navy was not acting within the scope of his employment when he used a hidden camera he had placed under a female colleague's desk to film underneath her skirt. 481 F.Supp.3d 503, 513 (D. Md. 2020). There, the court reasoned that, although the conduct occurred during work hours and at the employer's worksite, the conduct was "entirely divorced from any conceivable business purpose of [defendant's] employer" and was "'outrageous' and a 'clear departure from the purpose of furthering' the Navy's business." *Id.* at 512.

Mr. Salazar's conduct in secretly recording employees using the restroom is no different from the conduct described in *McGlenn* and *Mokhtarian* and in line with the Illinois case law finding similar sexual misconduct to beyond the scope of employment. Plaintiffs cannot assert plausibly Mr. Salazar had "any conceivable" business purpose for recording Pure's Food's employees in the restroom. As such, this Court should conclude as a matter of law that Mr. Salazar was not acting within the scope of his employment and dismiss Plaintiffs' Count I with prejudice.

8

**II.    Plaintiffs' Sexual Harassment Claims (Count II) Should Be Dismissed Because Plaintiffs Fail to Allege Mr. Salazar's Conduct Was "On the Basis of" Plaintiffs' Sex or That Plaintiffs Were Aware of Such Conduct At the Time It Took Place Such That It Created a Hostile Work Environment.**

To assert a hostile work environment sexual harassment claim, Plaintiffs must show: (1) they were subject to unwelcome harassment; (2) the harassment was because of their sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability. *Smith v. Ill. Dep't of Transp.*, 936 F.3d 554, 560 (7th Cir. 2019); *Stachler v. Bd. of Educ. of Chi.*, 2023 IL App (1st) 221092, ¶ 36 (confirming same standard under the IHRA). Plaintiffs' sexual harassment claims should be dismissed because Plaintiffs cannot allege: (a) Mr. Salazar's conduct was "on the basis of" Plaintiffs' sex; and (b) Plaintiffs were aware of Mr. Salazar's conduct when it was occurring such that it created a hostile work environment.

**A.    Plaintiffs Fail to Allege Mr. Salazar's Conduct was "On the Basis of" Plaintiffs' Sex.**

Title VII bars discrimination "*because of* such individual's…*sex.*" 42 U.S.C. § 2000e-2(a)(1). (Emphasis added). Federal regulations further clarify that "[h]arassment *on the basis of sex* is a violation of section 703 of title VII. " 29 CFR § 1604.11(a). (Emphasis added). The IHRA defines "harassment," in part, as "any unwelcome conduct *on the basis of an individual's actual or perceived…sex…*" (Emphasis added). Plaintiffs' sexual harassment claim should be dismissed because Plaintiffs allege Mr. Salazar's conduct was not "on the basis of" Plaintiffs' sex.

In *Holman v. Indiana*, the Seventh Circuit heeded Title VII's statutory language when it adopted the "equal opportunity harasser" doctrine for sexual harassment claims. 211 F.3d 399, 404 (7th Cir. 2000). There, the court declined to hold that a supervisor who inappropriately touched and solicited sex from two employees (who were husband and wife) engaged in sexual harassment in violation of Title VII, since the harassment was directed toward both a male and a female and

therefore could not be "because of" either employee's sex. *See also*, <u>*Caines v. Vill. Forest Park*,</u> <u>2003 WL 21518558, at \*3 (N.D. Ill. July 2, 2003)</u> (dismissing plaintiff's Title VII claim and finding that the plaintiff "ple[]d [himself] out of court" where "the detailed allegations of the [alleged harasser's] conduct portray an individual who directed vulgar and obscene conduct of a sexual nature toward the male and female [individuals] alike."); <u>*Dunlow v. SBC Comm*., 2006 WL</u> <u>1479548, at \*6 (E.D. Wis. May 25, 2006)</u> (concluding that male employee's inappropriate touching of both male and female employees was not sexual harassment under *Holman*, because "[w]hile [the alleged harasser] may have harassed more men than women, it is clear that [the alleged harasser] reached out and touched 'everybody.'").

Here, Plaintiffs specifically state that Plaintiff Troly is a male, and that Plaintiffs Noriega, Lora, Olivero, and Narvaez are females. (<u>Compl. ¶ 7-8</u>). Further, Plaintiffs do not allege that Mr. Salazar's recording of them was motivated by their sex; indeed, Plaintiffs allege the opposite, stating Mr. Salazar "engaged in the harassing conduct because he wanted to see *either male or female* private body parts." (<u>Compl. ¶ 35</u>). (Emphasis added). Just as in *Holman* and its progeny, Plaintiffs allege Mr. Salazar equally harassed men and women. Accordingly, Plaintiffs have not pled that Mr. Salazar's conduct was on the basis of sex and, as such, Plaintiffs cannot pursue a claim for sexual harassment in violation of Title VII or the IHRA. Therefore, Count II should be dismissed with prejudice.

### B. Plaintiffs Cannot Establish That They Were Aware of Mr. Salazar's Conduct At the Time It Took Place Such That It Created a Hostile Work Environment.

Plaintiffs' sexual harassment claim also should be dismissed because Plaintiffs do not, and cannot, plead that Plaintiffs were aware of Mr. Salazar's conduct at the time it was occurring. Numerous courts, including this one, have held that a plaintiff cannot mount a hostile work environment claim where the plaintiff is unaware of the alleged harassing conduct at the time it

10

was in progress. *See, e.g.*, *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 978 (7th Cir. 2000) (supervisor's alleged leering at employee without employee knowing it was irrelevant to employee's Title VII sexual harassment claim); *Chen v. Yellen*, 2021 WL 4226202, at *11 (N.D. Ill. Sept. 16, 2021) (finding that employee who was unaware at the time that her manager was taking "secret notes" during their conversations could not use these notes to support a hostile work environment claim); *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 211 (4th Cir. 2019) ("[I]nformation about which a plaintiff is unaware cannot, by definition, be part of a plaintiff's work experience. Thus, such information is not proper for consideration in evaluating the severe or pervasive requirement of a hostile work environment claim."); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 636 (8th Cir. 2006) (holding that an employee who was unaware her manager was spying on her in the office bathroom through a peephole could not make a claim of hostile work environment harassment because the employee was unaware of the peeping at the time it was taking place). Here, as in the cases cited above, Plaintiffs were unaware of Mr. Salazar's conduct when it was in progress. Thus, Plaintiffs cannot rely on Mr. Salazar's conduct to allege a severe or pervasive work environment, and consequently cannot put forth a claim of hostile work environment harassment. Count II should be dismissed with prejudice.

III. **Plaintiffs' Retaliation Claims (Count III) Should Be Dismissed Because Plaintiffs Fail to Plead Facts to Suggest There Was a Causal Nexus Between Plaintiffs Troly's, Narvaez's, and Noriega's Protected Activities And The Alleged Adverse Employment Actions Taken Against Them By Pure's Food.**

Under the Title VII framework, a plaintiff must plausibly allege three elements to state a claim for retaliation: a statutorily protected activity, a materially adverse employment action, and a causal connection between the two. *Gracia v. Sigmatron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021); *Stachler*, 2023 IL App (1st) 221092, ¶ 30 (citing analogous standard under the IHRA).

At the pleading stage, the Plaintiffs need not "present proof of a causal link between the protected expression…and the adverse employment action." _Luevano v. Wal-Mart Stores, Inc._, 722 F.3d 1014, 1029 (7th Cir. 2013). However, Plaintiffs must plead some facts to support an inference that the protected activity could have caused the adverse employment action. See _Cervantes v. Ardagh Grp._, 914 F.3d 560, 566 (7th Cir. 2019) (upholding dismissal of retaliation claim where plaintiff did not allege that his supervisors knew about his discrimination complaint); _see also Jones v. Advoc. Aurora Health_, 2025 WL 486783, at *3 (N.D. Ill. Feb. 12, 2025) (dismissing plaintiff's retaliation claims because "the Court cannot find anything within Plaintiff's complaint that would establish that Plaintiff engaged in statutorily protected activity that was known to Defendant.").

Here, Plaintiffs Troly and Narvaez allege Pure's Food terminated their employment "shortly after" they filed their Charges. (Compl. ¶ 42). Plaintiff Noriega alleges Pure's Food terminated its funding for her mental health treatment after she filed her Charge, but fails to allege when that took place. (Compl. ¶ 19). As in _Jones_, Plaintiffs do not allege they informed Pure's Food they filed Charges, nor do they allege Pure's Food was aware of Plaintiffs' Charges at the time of the adverse actions. For example, Plaintiff Troly alleges he filed his Charge with the IDHR on July 12 and was terminated on July 16. (Compl. ¶¶ 20, 42). Plaintiff Troly does not allege Pure's Food had any knowledge of his Charge when it terminated him. It is not reasonable to infer that, within the span of four days, the IDHR processed Plaintiff Troly's complaint, mailed it to Pure's Food, and Pure's Food received the Charge. Plaintiffs Noriega and Narvaez similarly failed to plead Pure's Food had knowledge of their Charges at the time of the alleged adverse action. Thus, Plaintiffs did not plead a retaliation claim. The Court should dismiss Count III.

**IV.    Plaintiffs' Intrusion Upon Seclusion Claim (Count IV) Should Be Dismissed Because Plaintiffs Fail to Plead That Mr. Salazar Was Acting Within the Scope of His Employment When He Recorded Plaintiffs and Because Plaintiffs' Claim is Barred by the Illinois Workers' Compensation Act.**

To establish a *prima facie* case of intrusion upon seclusion under Illinois law, Plaintiffs must show: (1) the defendant committed an unauthorized intrusion or prying into the Plaintiffs' seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the matter intruded on was private; and (4) the intrusion caused the plaintiff anguish and suffering. *Flores v. AON Corp.*, 2023 IL App (1st) 230140, ¶ 51 (citation omitted). Even if Plaintiffs can make this showing as to Mr. Salazar, Plaintiffs' intrusion upon seclusion claim as to Pure's Food should be dismissed because: (a) Plaintiffs fail to plead that Mr. Salazar was acting within the scope of his employment when he recorded Plaintiffs; and (b) Plaintiffs' claim is barred by IWCA.

**A.    Plaintiffs Fail to Plead Facts to Suggest That Mr. Salazar Acted Within the Scope of His Employment When He Recorded Plaintiffs.**

For the reasons discussed in Section I.B, Plaintiffs fail to allege Mr. Salazar acted within the scope of his employment when he secretly recorded Plaintiffs using the restroom at Pure's Food. Therefore, Plaintiffs cannot state a claim for intrusion upon seclusion as to Pure's Food.

**B.    Plaintiffs' Claim is Barred by the IWCA.**

In most cases, the IWCA provides the exclusive remedy for employees who suffer accidental workplace injuries. 820 ILCS 305/5; *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 35 (1st Dist. 1994). There are four exceptions, under which an employee can pursue a common law action against an employer, including when the injury was not accidental. *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237 (1980). However, "[t]he Illinois Supreme Court has held that intentional torts committed by coworkers are *generally* treated as 'accidental' for the purposes of the IWCA." *Jones v. UPS Ground Freight, Inc.*, 2016 WL 826403, at *2 (N.D. Ill. Mar. 3, 2016). For example, in *Benitez v. KFC National Management Company,* female employees brought a

claim of intrusion upon seclusion against their employer based on allegations that supervisors and coworkers poked holes in the ceiling of the women's restroom to watch the plaintiffs changing or using the restroom. <u>305 Ill. App. 3d 1027 (2d Dist. 1999)</u>. There, the court dismissed plaintiffs' claim against their employer, holding "the injuries plaintiffs alleged to have suffered were 'accidental' from [the employer's] point-of-view." <u>Id.</u> at 1038. Accordingly, the court determined that the IWCA provided the exclusive remedy for the employees' workplace injuries. Here, Mr. Salazar's conduct in secretly videotaping employees using the restroom is akin to the conduct in *Benitez*. The injuries suffered by Plaintiffs were "accidental" from Pure's Food's point of view. Just as in <u>*Benitez*</u>, Plaintiffs' only avenue for recovery from Pure's Food for a workplace injury is through the IWCA. As such, the Court should dismiss Count IV with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Pure's Food respectfully requests that the Court dismiss Plaintiffs' Federal Wiretap Act claim (Count I), sexual harassment claims (Count II), retaliation claims (Count III), and intrusion upon seclusion claim (Count IV) with prejudice. Mr. Salazar's conduct, though reprehensible, is not attributable to Pure's Food as his then-employer. Further, Plaintiffs cannot show that Pure's Food had actual knowledge of the Charges, as required to establish a causal nexus between Plaintiffs' protected activities and the alleged adverse employment actions taken against them. As such, Plaintiffs cannot state a claim for retaliation against Pure's Food. Accordingly, Pure's Food's motion to dismiss on all counts should be granted.

Dated: December 16, 2025           Respectfully submitted,


Pure's Food Specialties, LLC


By:  /s/  Brian P. Paul

One of Its Attorneys


Brian P. Paul
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800


Emily P. Figura (*pro hac vice*)
Michael Best & Friedrich LLP
675 15th Street, Suite 2000
Denver, Colorado 80204
Telephone: 877.398.5240

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2025, I electronically filed the foregoing ***Defendant Pure's Food Specialties, LLC's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, Illinois 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiffs*

/s/ Brian P. Paul
*Attorney for Defendant*
*Pure's Food Specialties, LLC*
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, Illinois 60606
E-mail: bppaul@michaelbest.com