**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AARON RYAN,                                    )
                                               )
        *Plaintiff*,                           )        Case No. 25-CV-10986
                                               )
        *v.*                                   )        Honorable Matthew F. Kennelly
                                               )
OFFICER KAEDYN URBAN &                         )
BRAIDWOOD POLICE DEPARTMENT,                   )
                                               )
        *Defendants*.                          )
                                               )
                                               )

## DEFENDANTS REPLY

Defendants, Officer Kaedyn Urban and the Braidwood Police Department, by and through

their attorneys, Leinenweber Daffada & Sansonetti, LLC, hereby submit this Reply in further

support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6).

### I.    Argument

Plaintiff's response does not cure the deficiencies identified in Defendants' motion.

Instead, Plaintiff relies on conclusory assertions, disputed factual interpretations, and legal theories

foreclosed by settled Fourth Amendment law. Even accepting Plaintiff's allegations as true, the

Amended Complaint fails to plausibly allege a constitutional violation, and Defendant Officer

Urban is entitled to qualified immunity.

####    a.  **Plaintiff's Response Confirms That The Stop Was Based On Objective Information**

1

Plaintiff does not dispute that the traffic stop was initiated after a Flock camera alert associated with a missing-person report. That allegation alone defeats Plaintiff's Fourth Amendment claim at the pleading stage.

Officers may lawfully rely on objectively reasonable information communicated through police databases and dispatch, even if that information later proves to be inaccurate. *See Herring v. United States,* 555 U.S. 135, 145 (2009). The Fourth Amendment does not require officers to independently verify the continued validity of an alert before acting on it, so long as the officer's reliance was objectively reasonable. *Id.* at 147.

The 7th Circuit has held that a stop based on information obtained from a database check is permissible. *United States v. Miranda-Sotolongo*, 827 F.3d 663, 671 (7th Cir. 2016) In *Miranda-Sotolongo*, the court held that because the police would be able to rely on the information obtained from a database search as a basis for the stop, the stop was not unconstitutional even if the database information later proved wrong. *Id.*

Plaintiff's allegation that another department resolved the missing-person case earlier in the day does not render the stop unconstitutional. What matters is what Officer Urban reasonably knew at the time of the stop, not information allegedly available elsewhere. The database here was not perfect, but few are. Nevertheless, the law's usual presumption of correctness of such records justified reasonable suspicion in this instance.

### b. The Collective Knowledge Doctrine Independently Defeats Plaintiff's Fourth Amendment Claim

Plaintiff's Fourth Amendment claim also fails under the collective knowledge doctrine. The Seventh Circuit has held that an officer may lawfully stop, search, or arrest an individual at the direction of another officer or law-enforcement agency, even if the acting officer does not

personally possess all facts amounting to reasonable suspicion or probable cause. *United States v. Williams*, 627 F.3d 247, 252-53 (7th Cir. 2010) (citing *United States v. Hensley*, 469 U.S. 221, 232-33 (1985)). Under this doctrine, there is no Fourth Amendment violation so long as the knowledge of the directing officer, or the collective knowledge of the agency, is sufficient to establish the required level of suspicion. *United States v. Harris*, 585 F.3d 394, 400 (7th Cir. 2009).

The Seventh Circuit applies a three-part test: (1) the officer taking action must act in objective reliance on information received from another officer or agency; (2) the officer or agency providing the information must possess facts sufficient to support the requisite level of suspicion; and (3) the resulting stop must be no more intrusive than would have been permissible for the officer who requested it. *United States v. Nafzger*, 974 F.2d 906, 911 (7th Cir. 1992). Here, Plaintiff's own allegations satisfy each element. He alleges that the officer acted at the direction of dispatch based on a missing-person alert, that the alert originated from law-enforcement sources, and that the encounter consisted of a brief investigatory stop. Accordingly, even accepting Plaintiff's allegations as true, the stop was objectively reasonable under settled Seventh Circuit law, and no Fourth Amendment violation is plausibly alleged.

### c. Plaintiff Improperly Relies On Factual Disputes and Evidence Outside The Pleadings

Much of Plaintiff's response relies on purported body-camera footage, alleged contradictions between video and a police report, and Plaintiff's own characterization of the officer's subjective intent. These arguments are improper at the Rule 12(b)(6) stage.

A motion to dismiss tests the sufficiency of the pleadings, not the accuracy of disputed evidence. Plaintiff cannot defeat dismissal by previewing evidentiary disputes or asserting that discovery will prove his version of events.

3

Moreover, an officer's subjective motivations are irrelevant where objective reasonable suspicion exists. *Whren v. United States*, 517 U.S. 806, 813 (1996). Even if Plaintiff were correct that the officer described the stop differently at different times, that does not negate the existence of an objectively reasonable basis for the stop.

### d. Plaintiff's "Welfare Check" Argument Misstates The Law

Plaintiff argues that the stop was unlawful because the missing-person report did not involve suicidal or homicidal ideation. This argument is unsupported by law.

Police officers are not limited to welfare stops involving imminent self-harm. *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 553-55 (7th Cir. 2014). Missing-person alerts, by their nature, implicate public safety and justify brief investigatory stops to confirm information. Plaintiff cites no authority holding that officers must assess the underlying severity of a missing-person report before acting on an alert.

### e. Dismissal of Criminal Charges Does Not Establish A Constitutional Violation

Plaintiff's reliance on the dismissal of criminal charges is misplaced. The dismissal of charges does not establish that a stop lacked reasonable suspicion or probable cause. The validity of the arrest does not depend on whether the suspect actually committed a crime, the fact that the suspect is later acquitted of the offense is irrelevant to the validity of the arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Charging decisions involve considerations wholly separate from Fourth Amendment analysis and cannot retroactively render an otherwise lawful stop unconstitutional.

### f. Qualified Immunity Bars Plaintiff's Claims

Even if Plaintiff had plausibly alleged a constitutional violation, which he has not, Defendant Officer Urban is entitled to qualified immunity. Plaintiff has not identified, and cannot

identify, any clearly established law holding that an officer violates the Fourth Amendment by briefly stopping a vehicle based on an active database alert concerning a missing person. To the contrary, existing precedent supports the reasonableness of such reliance. Qualified immunity protects officers from liability where, as here, their conduct does not violate clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

### g. Plaintiff's Damages Allegations Do Not Save His Claim

While Plaintiff alleges various forms of harm, damages cannot create liability where no constitutional violation is plausibly alleged. Plaintiff's reliance on *Carey v. Piphus* is misplaced. *Carey* presumes the existence of a constitutional violation; it does not supply one.

## II. Conclusion

WHEREFORE, for the forgoing reasons, Defendants Braidwood Police Department and Officer Urban respectfully request that his Honorable Court grant their motion to Dismiss Plaintiff's Complaint and grant any other relief deemed just by this Honorable Court.

Dated: January 12, 2026

Respectfully Submitted,

*Attorney for Kaedyn Urban, and the Braidwood Police Department*

/s/ Thomas More Leinenweber

Thomas More Leinenweber
James V. Daffada
John R. Stortz
120 North LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com
jim@ilesq.com

**<u>CERTIFICATE OF SERVICE</u>**

I, John Stortz, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Monday, January 12, 2026, I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

/s/ John R. Stortz
John R. Stortz