

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED

FEB 23 2026 PJJ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Aaron Ryan,
Plaintiff,

v.

Officer Kaedyn Urban, individually,
Sergeant Peterson, individually,
Village of Braidwood,
Will County Sheriff's Office,
Defendants.

Case No. 1:25-cv-10986

AMENDED COMPLAINT

Plaintiff Aaron Ryan, proceeding pro se, states as follows:

I. JURISDICTION AND VENUE

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Venue is proper under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

II. PARTIES

Plaintiff Aaron Ryan is a resident of Illinois.

Defendant Officer Kaedyn Urban was, at all relevant times, a police officer with the Braidwood Police Department, acting under color of state law. He is sued in his individual

capacity.

Defendant Sergeant Peterson was, at all relevant times, a law enforcement officer with the Will County Sheriff's Office, acting under color of state law. He is sued in his individual capacity.

Defendant Village of Braidwood is a municipal entity and indemnitor for its officers pursuant to 745 ILCS 10/9-102.

Defendant Will County Sheriff's Office is a municipal entity responsible for the policies, practices, training, and supervision of its deputies, including Sergeant Peterson.

III. FACTUAL ALLEGATIONS

On January 18, 2025, at approximately 8:08 a.m., the Ottawa Police Department removed Plaintiff from the LEADS system as a missing person. The entry was fully cleared, and Plaintiff had no active alert at that time.

At approximately 12:54 p.m. the same day, Sergeant Peterson initiated a traffic stop of Plaintiff's vehicle, with Officer Kaedyn Urban assisting, based on outdated information suggesting the vehicle was associated with a missing person report.
Dispatch explicitly informed Officer Urban that the missing person alert was no longer active but instructed him to initiate the stop while awaiting confirmation.

Despite dispatch instructions, Defendants proceeded with the stop and improperly converted it into a "safety check," even though the missing person report contained no suicidal or homicidal statements, providing no lawful basis for such an action.
Dash camera footage from Sergeant Peterson's vehicle confirms that the missing person alert had already been cleared at the time of the stop before Sargent Peterson exited his vehicle.
At that point, there was no active LEADS entry, no probable cause, and no reasonable suspicion to justify detaining Plaintiff.

Plaintiff was detained and subjected to further investigation without lawful justification once the alert was confirmed cleared.

Criminal charges were subsequently filed against Plaintiff as a result of the continued stop.

The charges were dismissed by the state court based on the illegality of the stop itself, demonstrating that the continued detention lacked any legal basis.

As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, reputational harm, financial burden, and other damages.

COUNT I

Unlawful Seizure – Fourth Amendment (42 U.S.C. § 1983)
Plaintiff incorporates paragraphs 1–18.
The Fourth Amendment prohibits unreasonable seizures.

Any reasonable suspicion that may have existed at the inception of the stop was immediately dispelled once Defendants learned the missing person alert had been removed.

By continuing to detain Plaintiff despite confirmation that no active alert existed, Defendants Peterson and Urban knowingly violated Plaintiff's clearly established Fourth Amendment rights.

Defendants' actions were deliberate, unlawful, and a direct cause of Plaintiff's damages.

COUNT II

Municipal Liability – Village of Braidwood and Will County Sheriff's Office
Plaintiff incorporates paragraphs 1–23.
The constitutional violations described herein were caused by policies, customs, practices, or failures to properly train and supervise officers regarding verification of database alerts and the limits of lawful detention.

These failures directly contributed to the continued unlawful detention of Plaintiff.
Pursuant to 745 ILCS 10/9-102, the Village of Braidwood is responsible for indemnifying its officers for acts committed within the scope of their employment.

The Will County Sheriff's Office is similarly responsible for indemnifying and ensuring proper policies, training, and supervision of its deputies, including Sergeant Peterson.

PRAYER FOR RELIEF

WHEREFORE,

Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor;
B. Award compensatory damages;
C. Award punitive damages against the individual defendants;
D. Award costs and reasonable fees;
E. Grant any further relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,
Aaron Ryan
518 Clark st
Marseilles IL 61341
815-201-6893
aaron1986ryan@gmail.com

Aaron Ryan
518 Clark St
Marseilles, IL 61341

U.S. POSTAGE PAID
FCM LG ENV
MARSEILLES, IL 61341
FEB 14, 2026
60604
$1.90

Attn  1:25-CV-10986
U.S District Courthouse
219 S. Dearborn St
Chicago, IL 60604

RECEIVED
FEB 23 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

