**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 25 C 05003<br><br>Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dissolve the temporary restraining order [18] is granted.

## STATEMENT

Plaintiff Cong Tan has filed a design patent infringement suit against defendant Xianghuo. The design patent at issue is U.S. Patent No. D1,054,752 (the "'752 Design Patent"), which claims the design for a storage box, which opens on three sides, all of which lock via a "buckle," and is set atop four wheels. Tan moved for a temporary restraining order, which, after some supplemental briefing, the Court granted on July 23, 2025. Xianghuo has moved to vacate the temporary restraining order, arguing primarily that the '752 Design Patent is invalid because it was anticipated by prior art—including by Xianghuo's own product—and that Tan has failed to show a likelihood of irreparable harm in the absence of preliminary relief.

Xianghuo represents, via sworn affidavit, that it began selling the allegedly infringing products in August 2022. The '752 Design Patent issued in December 2024. Tan brought suit on May 5, 2025, and moved for a TRO on June 13, 2025. Tan attaches to its opposition to Xianghuo's motion a declaration from an "Amazon sales and data analytics expert" who analyzed the product listing screenshot Xianghuo included in its motion. That expert asserts that while the product listing was created in August 2022, he does not believe the photo and substantive listing (which can be updated any time after launch) were published until June 2024, because two product reviews were created in June 2024. The Court is not persuaded by this conclusion for a few reasons. First, that two product reviews were left in June 2024 in no way indicates the product was not available before then. Second, Xianghuo has submitted a sworn affidavit that it sold the products at issue beginning in August 2022. The Court must accept that as truthful testimony at this stage of the proceedings. Third, even if the photos were only published in June 2024, Tan's design patent issued in December 2024, and could still be invalidated by prior art published before then.

This presents two issues for Tan. The first is that Tan argues that Xianghuo's product infringes on its design patent—that is, that an ordinary observer would find the two products substantially visually similar, such that the observer could be deceived into purchasing the infringing product believing it to be the patented product. *See Curver Luxembourg, SARL v. Home*

*Expressions, Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019). The Court found that Tan had established a likelihood of success on its infringement claim when it granted Tan's motion for a TRO. Xianghuo, in fact, makes no argument that its product does not infringe on the '752 Design Patent.

But the test for infringement and anticipation is the same. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009). That is, if Xianghuo's product infringes the '752 Design Patent—and the Court preliminarily found that it did—Xianghuo's product also anticipated '752 Design Patent, because "[t]hat which infringes, if later, would anticipate, if earlier." *Id.* (quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889). And where a "claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention," a patent is invalid. 35 U.S.C. § 102(a)(1). Xianghuo has therefore raised a "substantial question of invalidity by establishing the ['752 Design Patent] is vulnerable." *ABC Prods. v. Schedule A*, No. 23-cv-04131, 2024 WL 1549784, at *2 9N.D. Ill. Jan. 9, 2024) (quotations omitted).

Further, "delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995); *see also Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012) ("[D]elay in bringing an infringement action and seeking a preliminary injunction are factors that could suggest that the patentee is not irreparably harmed by the infringement."). While a delay does not necessarily preclude a finding of irreparable harm, where courts overlook delays, they do so usually because the plaintiff can point to some interim action they took to protect their rights or other mitigating factor. *See, e.g., Peng v. Schedule A*, No. 21-cv-1344, 2021 WL 4169564, at *3 (N.D. Ill. Sept. 14, 2021) (6 months between infringing activity and filing suit did not preclude irreparable harm finding where, prior to filing suit, plaintiff lodged a complaint with Amazon which was disregarded); *Encap LLC v. Oldcastle Retail Inc.*, No. 11-cv-0808, 2012 WL 1831495, at *13 (E.D. Wis. May 18, 2012) (years-long gap between infringing conduct and infringement action excused where the plaintiff was awaiting a broader patent to issue and was attempting to settle the case).

Tan makes no effort to explain their delay in seeking injunctive relief against Xianghuo for five months after the issuance of their patent. Tan does not argue, for example, that they tried to resolve their complaint with Amazon, or directly with Xianghuo, or even that they were unaware of Xianghuo's infringement. In fact, even after Tan filed suit, they waited more than five weeks to move for a TRO.

For the above reasons, Xianghuo's motion to dissolve the temporary restraining order [20] is granted. The parties are to submit a status report as to anticipated next steps no later than 9/8/2025.

Date: August 19, 2025

John J. Tharp, Jr.
United States District Judge