**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br><br>Magistrate Judge David Weisman |

## MOTION TO DISMISS COUNTER-CLAIM

Plaintiff/Counter-Defendant Cong Tan moves this Honorable Court, pursuant to Fed. R. Civ. P. 12, to dismiss Defendant/Counter-Claimant Xianghuo's counterclaims.

## INTRODUCTION

Xianghuo's counterclaims include the following four causes of action: (1) Declaratory Judgement of Non-Infringement; (2) Declaratory Judgement of Patent Invalidity; (3) Declaratory Judgement of Patent Unenforceability; And (4) Tortious Interference.

Defendant's counterclaims should be dismissed for being insufficiently pled. First, the first cause of action alleges that a judgement of non-infringement should be entered because Defendant's design is "not the same as" the patented design. The "not the same as" standard is not the correct legal standard for finding non- infringement, however.

Second, the second cause of action alleges that the patent-in-suit is anticipated by various "prior art" under 35 USC 102. The law of anticipation, however, requires that a prior art reference discloses all elements of a patented design. Here, the alleged prior art does not show at least the wheel element in the patented design. Third, the third cause of action attempts to plead a theory of inequitable conduct and thus patent unenforceability, but fails to meet the heightened pleading standard for fraud under Rule 9(b). Fourth, the fourth cause of action is unintelligible, because it does not even specify what is being allegedly tortiously interfered.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*Twombly*). For a claim to have plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

///

## DISCUSSIONS

### I. DEFENDANT'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED FOR RELYING ON THE WRONG LEGAL STANDARD.

Here, Counterclaimant conclusorily alleges that its accused products are not "the same as the design claimed in the [patent-in-suit]."

Not-the-same-design, however, is not simply the correct legal standard for determining design patent infringement or non-infringement. "For a design patent to be infringed, however, no matter how similar two items look, 'the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.'" *Litton Sys. v. Whirlpool Corp.*, 728 F.2d 1423 (Fed. Cir. 1984), citing *Sears, Roebuck & Co. v. Talge*, 140 F.2d 395, 396 (8th Cir. 1944); *Horwitt v. Longines Wittnauer Watch Co.*, 388 F. Supp. 1257, 1263, 185 USPQ 123, 128 (S.D.N.Y. 1975).

Having alleged an incorrect legal standard altogether, Counterclaimant's first cause of action should be dismissed for failure to state a claim.

### II. DEFENDANT'S SECOND CAUSE OF ACTION FOR PATENT ANTICIPATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Despite claiming that "numerous prior art references" anticipate the patent-in-suit under 35 U.S.C. 102, Counterclaimant relies on two references when attempting to state its second cause of action for patent anticipation: a China Patent and a Product Photo.

"To ***anticipate*** a patent claim under 35 U.S.C. § 102, 'a reference must describe . . . ***each and every claim limitation*** and enable one of skill in the art to practice an

embodiment of the claimed invention without undue experimentation." *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340 (Fed. Cir. 2012) (citing *Am. Calcar, Inc. v. Am. Honda Motor Corp.*, 651 F.3d 1318, 1341 (Fed. Cir. 2011))

Here, the China Patent does not anticipate the patent-in-suit. Because the China Patent fails to disclose wheels and lock feature claimed in the patent-in-suit. Similarly, the Product Photo does not anticipate the patent-in-suit. Because the Product Photo fails to disclose the top cover claimed in the patent-in-suit.

| | |
|---|---|
|  |  |
| The patent-in-suit, figure 9 | The China Patent |
|  |  |
| The patent-in-suit, figure 1 | The Product Photo |

"Anticipation requires a showing that ***each limitation* of a claim** is found in a single reference, either expressly or inherently." *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991 (Fed. Cir. 2006) A patent is not anticipate by a reference if "considerable difference [exists] between the claimed [subject matter] and the [subject matter] in the prior art…" *Atofina*, 441 F.3d 999.

Here, as shown neither the China Patent, nor the Product Photo disclose "***each limitation***" of the patented design. Thus, Counterclaimant's second cause of action for patent anticipation should thus be dismissed.

## III. DEFENDANT'S THIRD CAUSE OF ACTION IS INSUFFICIENTLY PLED UNDER RULE 9(B).

"Inequitable conduct, as a fraud-based concept, is subject to the heightened pleading standard under Rule 9(b) and must be pled with particularity. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). '[T]o plead the circumstances of inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.' *Id.* Although knowledge and intent typically may be pled generally, 'a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.' *Id.* at 1328-29. " *Formax Inc. v. Alkar-Rapidpak-MP*

*Equip. Inc.*, No. 11-C-0298, (E.D. Wis. May 29, 2013)

Here, Counterclaimant conclusorily alleges that Counter-Defendant knew about two prior art references but failed to disclose them to the patent office. Counterclaimant does not allege "who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Counterclaimant's third cause of action should thus be dismissed for failure to state a claim under Rule 9(b).

## IV. DEFENDANT'S FOURTH CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

As a threshold matter, tortious interference, alone, is not a valid cause of action under Illinois state law. Because there are different causes of actions that require the allegation of tortious interference. Thus, for this reason alone, the fourth cause of action should be dismissed for failure to state a claim.

Assuming the Counterclaimant attempt to plea a tortious interference with prospective economic advantage claim, such attempt still fails. To plausibly state a claim for tortious interference with prospective economic advantage under Illinois law, a plaintiff must allege: (1) "'a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference.'" *Adelman–Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 667 (7th Cir.2007).

Here, the fourth cause of action does not even allege that Counter-Defendant *knew* the expectancy of the Counterclaimant entering into a valid business relationship with a customer or the Amazon. Further, Counterclaimant does not plea when, where, and how it expected valid business relationship with either Amazon or its customers. Such barebone assertions thus fail under *Twombly*.

Second, the Counterclaimant fails to allege actual malice. Under Illinois law "[p]roof of tortious interference with prospective economic advantage requires, among other things, a showing that the tortfeasor acted with actual malice" *Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.*, 958 F.2d 186, 189 (7th Cir.1992).

Under Illinois law, the only causes of action that can arise from the wrongful filing of a lawsuit are malicious prosecution and abuse of process. *Havaco of America, Ltd. V. Hollobow*, 702 F.2d 643, 646 (7th Cir.1983). Courts applying Illinois law have repeatedly dismissed claims based on the allegedly improper use of litigation as a means of tortious interference. *See, e.g., Knoll Pharmaceuticals Co., Inc. v. TEVA Pharmaceuticals USA, Inc.*, 2001 WL 1001117, at *2 (N.D.Ill. Aug.24, 2001); *WorldCom, Inc. v. Transcend Allegiance, Inc.*, 1998 WL 111636, at *2 (N.D.Ill. Mar.6, 1998); *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F.Supp. 256, 262 (N.D.Ill.1993).

For example, in *Doe v. Maywood Housing Authority*, 1994 WL 521050, at *7 (N.D.Ill. Sept.22, 1994), the District Court not only dismissed a similar counterclaim but also issued an order to show cause against that drafting attorney, noting that "[a] reasonable

prefiling inquiry into the law would have informed [the attorney] that his counterclaim in tort sounded in malicious prosecution, and that the tort of malicious prosecution required him to plead that the underlying case was terminated in his clients' favor."

Here, the Counterclaimant fails to allege that Counter-Defendant harbored actual malice, when he filed this lawsuit. For example, the Counterclaimant does not allege Counter-Defendant knew the patent-in-suit was somehow invalid or fraudulently obtained, nor that Counter-Defendant somehow misused the patent-in-suit against the law. Simply asserting his patent rights cannot constitute actual malice—in particular when the patent-in-suit has never been adjudicated as invalid or misused. *See Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.*, 958 F.2d 186, 189 (7th Cir. 1992) (for a tortious interference claim to succeed, "the evidence must establish that the individual acted with a desire to harm which was unrelated to the interest he was presumably seeking to protect by bringing about the contract breach") (quoting *Langer v. Becker*, 176 Ill. App. 3d 745, 531 N.E.2d 830, 834, 126 Ill. Dec. 203 (Ill. App. 1988)) (internal quotation marks omitted); *see also ABC v. MaljackProductions, Inc.*,34 F. Supp. 2d at 675 (holding that plaintiff's good faith belief in its copyright interest was sufficient to establish that conduct taken to protect copyright interest was privileged).

For these reasons, the claim for "tortious interference" should be dismissed for being insufficiently pled.

///

## CONCLUSION

Barebone assertions are insufficient under *Twombly*. Counter-claims should be dismissed because they are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Dated September 8, 2025.

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Counsel for Plaintiff Cong Tan*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E- Filing" to all attorneys of record in this case.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Counsel for Plaintiff Cong Tan*