09:20:39

1

                    UNITED STATES DISTRICT COURT
2                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
3

    JUAN HERNANDEZ and                )
4   ROSENDO HERNANDEZ,                )
                                      )
5              Plaintiffs,            )
                                      )   No. 23 CV 1737
6         vs.                         )
                                      )   Chicago, Illinois
7   REYNALDO GUEVARA, et al.,         )   November 14, 2024
                                      )   9:53 o'clock a.m.
8              Defendants.            )

9
                   TRANSCRIPT OF PROCEEDINGS - HEARING
10               BEFORE THE HONORABLE JEREMY C. DANIEL

11
    APPEARANCES:
12

13  For the Plaintiffs:        MR. SEAN STARR
                               LOEVY & LOEVY
14                             311 North Aberdeen Street
                               Chicago, Illinois 60607
15                             312-243-5900

16
    For the Defendant          MS. KRYSTAL GONZALEZ
17  Reynaldo Guevara:          BORKAN & SCAHILL, LTD.
                               20 South Clark Street
18                             Chicago, Illinois 60603
                               312-447-7769
19

20  For the Defendants         MS. ALLISON L. ROMELFANGER
    Geri Lynn Yanow, Joel      THE SOTOS LAW FIRM, PC
21  Bemis, Robert Biebel:      141 West Jackson Boulevard
                               Chicago, Illinois 60604
22                             630-735-3300

23
    For the Defendant          MR. BRIAN P. GAINER
24  Joseph Miedzianowski:      JOHNSON & BELL, LTD.
                               33 West Monroe Street
25                             Chicago, Illinois 60603
                               312-372-0770

```
 1    For the Defendant        MS. KELLY ANN KRAUCHUN
      City of Chicago:         ROCK FUSCO & CONNELLY
 2                             333 West Wacker Drive
                               Chicago, Illinois 60606
 3                             312-494-1000

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22    Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
                               MS. KRISTA BURGESON
23                             219 South Dearborn Street
                               Chicago, Illinois 60604
24                             312-435-5567
                               krista_burgeson@ilnd.uscourts.gov
25
```

09:53:54

09:53:54 1    THE CLERK:  23 C 1737, Hernandez, et al., versus

09:53:59 2    Guevara, et al., for motion hearing.

09:54:09 3    MR. STARR:  Good morning, Your Honor.  Sean Starr,

09:54:11 4    S-t-a-r-r S-e-a-n, on behalf of plaintiffs, Juan and Rosendo

09:54:17 5    Hernandez.

09:54:17 6    THE COURT:  Good morning.

09:54:19 7    MS. ROMELFANGER:  Good morning, Your Honor.  Alison

09:54:26 8    Romelfanger on behalf of defendants, Bemis, Biebel, and

09:54:30 9    Special Representative Yanow.

09:54:32 10   MS. GONZALEZ:  Good morning, Your Honor.  Krystal

09:54:34 11   Gonzalez on behalf of defendant, Guevara.

09:54:37 12   MS. KRAUCHUN:  Good morning, Your Honor.  Kelly

09:54:39 13   Krauchun on behalf of the City of Chicago.

09:54:41 14   MR. GAINER:  Good morning.  Brian Gainer on behalf of

09:54:43 15   defendant, Miedzianowski.

09:54:45 16   THE COURT:  Good morning, everyone.

09:54:47 17   Lots of things to run through this morning.

09:54:53 18   I don't think I need to address the docket entry 121,

09:54:57 19   the motion to produce agreed upon documents, because I feel

09:55:01 20   like I just got an update, and then you are supposed to be

09:55:04 21   back in December on that one.

09:55:07 22   I have got the motion to quash officers' subpoenas,

09:55:11 23   docket entry 126.  I have reviewed the filings and I am going

09:55:15 24   to grant it in part and deny it in part.

09:55:19 25   Generally, as to the motions, I think the officers

09:55:23  1    have shown that they are potentially relevant to the issues in
09:55:27  2    the case.  I think everyone understands discovery is broad
09:55:30  3    with respect to the privacy implications for the conversations
09:55:34  4    that they seek.  I find it hard to find a reason to afford a
09:55:39  5    reasonable expectation of any privacy when you are told that
09:55:45  6    the calls are being recorded.  So those subpoenas can be
09:55:48  7    issued with respect to that.
09:55:54  8         The grant, however, comes with respect to attorney
09:55:57  9    calls.  I understand you have cited another District Court
09:55:59  10   case essentially saying that calls with attorneys that are
09:56:03  11   recorded require other -- or can be turned over, but I view
09:56:12  12   that as close to sacrosanct, and you are just not going to get
09:56:18  13   that absence and additional showing.  I haven't seen a Seventh
09:56:27  14   Circuit case that goes that way.  I don't know whether there
09:56:31  15   were any alternatives.  And so this will just follow the
09:56:34  16   typical route where if calls are withheld because they are
09:56:38  17   with attorneys, produce a privilege log and substantiate it
09:56:43  18   and you just don't get it.
09:56:44  19        So that is 126, everything but the attorney/client
09:56:49  20   calls.
09:56:51  21             MR. STARR:  Could I ask a question, Your Honor?
09:56:51  22             THE COURT:  Sure.
09:56:53  23             MR. STARR:  Does that include the written
09:56:54  24   communications as well that they were seeking?
09:56:57  25             THE COURT:  With counsel?

09:56:57    1          MR. STARR:  No, with all the people they listed in

09:57:00    2    their subpoenas that they were seeking, like electronic and

09:57:03    3    written communications that they may or may not have.

09:57:08    4          THE COURT:  Yes, that extends to that as well.

09:57:10    5          MR. STARR:  Is there any time limitation, timeframe

09:57:13    6    limitation, that the Court is putting on their subpoenas in

09:57:17    7    terms of what they are able to get from IDOC?  And I apologize

09:57:21    8    about my voice, I woke up with this.

09:57:23    9          THE COURT:  No problem.

09:57:24   10          MR. STARR:  Sorry, I usually have a better voice.

09:57:26   11          THE COURT:  I would imagine that anything

09:57:28   12    post-conviction is relevant, if he is talking about his

09:57:31   13    conviction.

09:57:33   14          MR. STARR:  So is the Court's order that plaintiffs

09:57:36   15    should review the calls and produce anything that fits into

09:57:39   16    that category or -- they were seeking an incredibly wide

09:57:44   17    swath, and in our reply, and actually Ms. Romelfanger and I

09:57:49   18    talked about this briefly this morning, that --

09:57:49   19          THE COURT:  My order is to produce relevant

09:57:52   20    documents.  Whether you want to look at them before you

09:57:54   21    produce them, I can't tell you how to run your shop.

09:57:57   22          MR. STARR:  Okay.  So does plaintiff have an

09:57:59   23    opportunity to -- because there were a lot of calls that we

09:58:01   24    think, and I think the defendants agree in their motion, are

09:58:04   25    not going to be relevant, calls that don't effect damages,

09:58:08 1 calls that have nothing to do with the post-conviction

09:58:10 2 petition or proceedings. If there are private calls that

09:58:13 3 these plaintiffs had with their loved ones that don't touch on

09:58:18 4 those issues, are we able to review those first before turning

09:58:22 5 them over?

09:58:22 6 　　　　THE COURT: What is your position?

09:58:23 7 　　　　MS. ROMELFANGER: Your Honor, we didn't ask for a

09:58:25 8 single call with plaintiffs' family members. As we laid out

09:58:28 9 in our motion, they were all witnesses he called in his

09:58:31 10 criminal trial, witnesses that were in his post-conviction

09:58:34 11 proceedings, or their witnesses with the only link being

09:58:39 12 defendant Guevara, because they are all either 404(b)

09:58:42 13 witnesses or they also have lawsuits against Guevara, with the

09:58:48 14 exception I think of Matt Sobran (phonetic) and one other who

09:58:52 15 also do have reverse conviction cases.

09:58:54 16 　　　　So, we didn't ask for a single call or communication

09:58:58 17 with family members that would contain those private

09:59:02 18 communications.

09:59:02 19 　　　　THE COURT: Right, but I think his concern is a bit

09:59:04 20 broader. He wants to narrow it to a universe of

09:59:08 21 communications potentially related to the case.

09:59:12 22 　　　　MS. ROMELFANGER: Your Honor, I would be happy to

09:59:14 23 narrow my subpoena to ask IDOC to narrow the electronic

09:59:18 24 communications to just stuff about this case. I am happy to

09:59:22 25 do that to IDOC.

09:59:23　1　　　　　MR. STARR:  I don't know how IDOC would possibly be

09:59:26　2　able to do that.  They can't even tell us the quantity and

09:59:30　3　they certainly can't tell us the quality.

09:59:36　4　　　　　THE COURT:  So the hesitation I have in allowing you

09:59:38　5　to take the first pass, not to slight you in any way, but I

09:59:43　6　understand the skepticism of opposing counsel saying, why

09:59:51　7　should they get to decide what is relevant and what is not.

09:59:51　8　It seems the appropriate mechanism to handle this would be to

09:59:53　9　conduct your privilege review as you normally would, but then

09:59:57　10　if documents go somewhere or aren't relevant to the case, you

10:00:00　11　would just seek to exclude them later.

10:00:04　12　　　　　MR. STARR:  Documents and also communications, it is

10:00:08　13　our position, that oral communications, phone calls, would

10:00:10　14　fall into that category.

10:00:11　15　　　　　And if I misspoke and said family members earlier, I

10:00:14　16　meant loved ones.  I mean, there are certainly calls with

10:00:16　17　ex-girlfriends and close family friends that maybe are not by

10:00:20　18　blood a relative but are certainly considered to be loved ones

10:00:23　19　of the plaintiffs.

10:00:24　20　　　　　THE COURT:  You can review for privilege or work

10:00:26　21　product or any other privilege, but you won't do the relevance

10:00:31　22　review.  You can object to the breadth of the subpoena but

10:00:37　23　really that is IDOC's objection since they are the ones

10:00:42　24　producing.

10:00:42　25　　　　　Does that answer your question?

| | | |
|---|---|---|
| 10:00:43 | 1 | MR. STARR:  I believe so. |
| 10:00:44 | 2 | So we will get them first and review them for work |
| 10:00:47 | 3 | product and -- |
| 10:00:48 | 4 | THE COURT:  No. |
| 10:00:49 | 5 | If you think there is work product, but how can there |
| 10:00:52 | 6 | be work product if there is not an attorney in the |
| 10:00:55 | 7 | communication. |
| 10:00:56 | 8 | MR. STARR:  I understand that, and I think you have |
| 10:00:59 | 9 | eliminated the access to the attorney calls if I understood |
| 10:01:03 | 10 | your ruling. |
| 10:01:03 | 11 | THE COURT:  Correct. |
| 10:01:04 | 12 | MR. STARR:  It is plaintiffs' position that the sheer |
| 10:01:06 | 13 | volume of calls, there is certainly going to be -- the vast |
| 10:01:10 | 14 | majority of calls will have no relevance whatsoever, but I |
| 10:01:14 | 15 | understand your order, Your Honor. |
| 10:01:16 | 16 | THE COURT:  All right. |
| 10:01:16 | 17 | Then I have got 144, the motion to compel defendant |
| 10:01:22 | 18 | Miedzianowski to sit for a deposition. |
| 10:01:27 | 19 | MR. GAINER:  Yes, sir. |
| 10:01:28 | 20 | THE COURT:  Do you have a response? |
| 10:01:29 | 21 | MR. GAINER:  I do. |
| 10:01:30 | 22 | My response is, as my response was to counsel when we |
| 10:01:32 | 23 | talked about this, I am trying to be pragmatic here. |
| 10:01:36 | 24 | Mr. Miedzianowski, unlike most defendants, or maybe |
| 10:01:41 | 25 | all defendants in these types of cases, is in prison for life. |

10:01:45    1    There is very little leverage I have over him, or counsel has

10:01:49    2    over him, or really anyone has over him, to force him to do

10:01:54    3    anything, unfortunately.

10:01:56    4           THE COURT:  That is not true entirely.

10:01:58    5           MR. GAINER:  It is not true entirely.

10:02:00    6           THE COURT:  He can be forced to sit in a room and if

10:02:03    7    he chooses to refuse to answer a question then we get into the

10:02:07    8    area of there is no way to force him or incentivize him, but

10:02:11    9    he can be produced for a deposition.

10:02:13    10           MR. GAINER:  And we are not objecting to producing

10:02:16    11    him for his deposition.  I want that to be very clear, and I

10:02:20    12    think it should be clear from my emails.

10:02:21    13           Mr. Miedzianowski is ready to sit for his deposition.

10:02:24    14    The sole factor hanging this up is video.  He does not want to

10:02:29    15    be on video.  The most that I can share with the Court about

10:02:34    16    his reasons is that he is concerned about publicity associated

10:02:38    17    with a videotaped deposition.  I explained it to counsel

10:02:43    18    multiple times, and we talked about this.  He is ready to

10:02:48    19    testify, and he will testify for the seven hours required by

10:02:52    20    the rules.  He is literally a captive audience.  He will come

10:02:59    21    out of his cell to testify if it is a deposition transcribed

10:03:04    22    by a court reporter.  The video is the issue.

10:03:07    23           And if the true goal is to get his testimony, which

10:03:10    24    counsel has told me it is, then we can do that, it is the

10:03:15    25    video that is the issue.

| | | |
|---|---|---|
| 10:03:17 | 1 | MR. STARR:  I will begin by saying certainly I think |
| 10:03:20 | 2 | in our motion I made it clear that Mr. Gainer said he would |
| 10:03:23 | 3 | sit for a deposition, it was just the video issue.  We are |
| 10:03:27 | 4 | here before Your Honor today to address that. |
| 10:03:28 | 5 | Our concern, as we articulated I think in our motion, |
| 10:03:32 | 6 | is this is a 71 year old man that lives in not the most |
| 10:03:36 | 7 | healthy environment, this is a case that is multi-faceted and |
| 10:03:40 | 8 | has a lot of moving parts, multiple plaintiffs, multiple |
| 10:03:43 | 9 | defendants, it will be a while before we sit for a trial, I |
| 10:03:47 | 10 | believe.  I can't be certain that he will be here. |
| 10:03:50 | 11 | So we want to take a videotaped deposition, which we |
| 10:03:54 | 12 | think is our right, and we think the Court has already ordered |
| 10:03:56 | 13 | we have the right to do, in order to preserve his testimony in |
| 10:03:58 | 14 | its most complete form.  Written testimony, you know, no |
| 10:04:04 | 15 | concerns at all about court reporters' efforts to do their |
| 10:04:08 | 16 | jobs correctly, but a videotape is going to tell a further |
| 10:04:12 | 17 | tale.  There are certainly other ways that we communicate as |
| 10:04:14 | 18 | human beings that go beyond the words that we say that are |
| 10:04:16 | 19 | then written down in a court reporter's court reporting |
| 10:04:18 | 20 | statement. |
| 10:04:19 | 21 | So, it is important for us to have it videotaped. |
| 10:04:21 | 22 | What if he doesn't want to come to trial and refuses to come |
| 10:04:24 | 23 | and testify at trial?  We want a videotape that we can show to |
| 10:04:28 | 24 | the jury and if we have to impeach him at the trial or he |
| 10:04:31 | 25 | doesn't show up.  We think that is within our right and what |

10:04:34   1    we are seeking.  We think this Court has the ability to order

10:04:38   2    that.  And then if we go and sit in a room and he refuses to

10:04:41   3    testify we will have to come back and address it at that

10:04:45   4    point.

10:04:45   5            MR. GAINER:  May I say two things in response to

10:04:47   6    that, Judge?

10:04:48   7            THE COURT:  No.

10:04:52   8            I am going to exercise my discretion and not allow

10:04:55   9    the videotaped deposition.  I am sympathetic to the security

10:05:02   10   risk identified concerning the publicity by -- surrounding

10:05:11   11   something like this.  Essentially this case is -- this

10:05:14   12   defendant put people in jail wrongfully, and that defendant is

10:05:21   13   in jail.  That probably is not something that is -- that

10:05:27   14   enhances his safety, should that resurface.  I understand this

10:05:33   15   his case received a lot of publicity, years ago, but I see

10:05:38   16   that as an unnecessary risk to the defendant's well-being.

10:05:44   17           So you can take the deposition, but you can't

10:05:46   18   videotape it.

10:05:47   19           MR. STARR:  Your Honor, can I just ask a question?

10:05:49   20   And this is alluded to in the motion.

10:05:51   21           Isn't there a way that we could enter a protective

10:05:55   22   order where the videotape becomes attorney's eyes only?

10:05:58   23           THE COURT:  But then you come to trial and he doesn't

10:06:00   24   appear and you want to put the videotape up.  And so no.  You

10:06:04   25   can preserve the testimony through a written transcript, and

10:06:08  1    then you can read that transcript into the record.

10:06:11  2              MR. GAINER:  Thank you, Judge.

10:06:18  3              THE COURT:  The next one is the -- and hopefully that

10:06:21  4    extended sigh dealt with your hoarse voice and not -- -

10:06:24  5              MR. STARR:  It did, Your Honor, certainly.  And I

10:06:26  6    apologize.

10:06:27  7              THE COURT:  Okay.

10:06:27  8              The next motion is docket entry 148, a motion to

10:06:32  9    extend fact discovery.  There is a motion to extend the

10:06:36  10   timeline to respond, that is docket entry 150.  I will grant

10:06:40  11   150.  I have reviewed the motion for the extension of fact

10:06:47  12   discovery and the response.  I am going to grant the

10:06:51  13   extension.  It seems like both sides are in favor of it.  And

10:06:55  14   so discovery will be extended to March 14th, 2025.

10:07:02  15             I am sympathetic to plaintiffs' concerns that are

10:07:06  16   concerning new discovery, so the deadline to issue any

10:07:10  17   additional written discovery, including document subpoenas,

10:07:14  18   will be December 19th, 2024.  I understand that there will be

10:07:21  19   instances where information is revealed in a deposition that

10:07:26  20   leads to other sources of written discovery, but that will be

10:07:30  21   limited and the parties will need to establish justification

10:07:33  22   on why they could not have asked for it before, in other

10:07:37  23   words, it is news to us that we learned in the deposition.

10:07:41  24             There will be no further extensions of fact

10:07:44  25   discovery absent exceptional circumstances and a showing of

10:07:48  1    good cause, or good use, of the extension you are getting now.

10:07:53  2         So that will be laid out in a minute order, but March

10:07:57  3    14th, fact discovery closes.

10:07:59  4         MR. GAINER:  Thank you.

10:08:01  5         MS. ROMELFANGER:  Thank you, Judge.

10:08:02  6         THE COURT:  I think that takes care of all the

10:08:04  7    outstanding issues with the exception of 121, which we will

10:08:08  8    come back in December and work on.

10:08:10  9         MR. STARR:  And regarding 121, which I believe is the

10:08:13  10   document production from the City, since the last time we were

10:08:17  11   here I believe we only got a handful of documents, I think it

10:08:20  12   is under 50 pages of documents, so we are still waiting and we

10:08:23  13   have followed up with the City.

10:08:25  14        THE COURT:  Okay.

10:08:25  15        MS. KRAUCHUN:  All I can say, Judge, is we continue

10:08:27  16   to produce as we represented to the Court at the last court

10:08:30  17   hearing, and we expect to have that done by December.

10:08:33  18        THE COURT:  All right.

10:08:34  19        Thank you.

10:08:35  20        ALL RESPOND:  Thank you.

          21

          22

          23

          24

          25

1          **C  E  R  T  I  F  I  C  A  T  E**

2

3

4          I certify that the foregoing is a correct transcript

5     from the record of proceedings in the above-entitled matter.

6

7     /s/Krista Burgeson, CSR, RMR, CRR      November 20, 2024
      Federal Official Court Reporter       Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25