IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ and ROSENDO HERNANDEZ, | ) ) ) | Case No. 23 CV 01737 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Hon. Jeremy C. Daniel<br>Magistrate Heather K. McShain |
| REYNALDO GUEVARA, GERILYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN and ROBERT DEGRAFF, JOSEPH MIEDZIANOWSKI, JOEL BEMIS, ROBERT BIEBEL, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE AND TO
COMPEL THE DEPOSITION OF NELSON PACHECO**

Defendants Reynaldo Guevara, Geri Lynn Yanow as Special Representative of Ernest Halvorsen (deceased) and Robert DeGraff (deceased), Joseph Miedzianowski, Joel Bemis, Robert Biebel, and the City of Chicago ("Defendants"), by and through their attorneys, respectfully move this Honorable Court for Nelson Pacheco to show cause as to why he should not be held in contempt for failure to comply with the Defendants' subpoena and to compel the deposition of Nelson Pacheco. In support thereof, Defendants state as follows:

1. Plaintiffs Juan and Rosendo Hernandez bring a 12-count civil rights complaint against the City of Chicago and six individual Chicago Police Officers—filed on March 21, 2023, (Compl., Dkt. 1), and last amended on September 28, 2023, (1st Am. Compl., Dkt. 58)—for claims arising out of their arrest, prosecution, and conviction for the June 27, 1997, murder of Jorge Gonzalez and attempted murder of Juan Carlos Cruz.

2. Specifically, Plaintiffs allege they are innocent of the June 27, 1997, shooting and that detectives conspired to frame them for the same. (*See* Dkt. 58.)

3. Nelson Pacheo has been disclosed by Plaintiffs as a witness in this case with information about "the police investigation that caused Plaintiffs' wrongful prosecution and conviction, witness interviews, lineups, and false documents implicating Plaintiffs in the crime, Plaintiffs' criminal proceedings and the Defendants' misconduct as alleged in the complaint." (*See* Plaintiffs' 26(a) Discl. attached hereto as Ex. 1.)

4. Specifically, Nelson Pacheco signed an affidavit in Plaintiffs' post-conviction proceedings alleging that he has knowledge of the "real killer" linking an individual nicknamed "Will Kill" to the June 27, 1997, shooting that resulted in Jorge Gonzalez's death. (*See* Pacheco Aff. attached hereto as Ex. 2.) Pacheco also provided testimony regarding this topic at Plaintiffs' post-conviction proceedings. (*See* Pacheco Testimony, attached hereto as Ex. 3.)

5. At some point, the parties became aware that Pacheco was incarcerated in the Cook County Department of Corrections ("CCDOC.") After obtaining leave to depose him, (*see* Dkts. 140, 143), Defendants subpoenaed Pacheco through CCDOC and properly noticed his deposition for February 27, 2025. (*See* Pacheco Subpoena and notice of deposition attached hereto as Ex. 4.) The deposition was set-up as a hybrid, attorneys had the option to appear in person or via zoom.

6. Defendants spent time, effort, and money to ensure Pacheco's deposition would proceed. Specifically, Defendants coordinated the deposition with the CCDOC and filed the necessary motions required by CCDOC for the videographer and court reporter to appear in person with all equipment necessary for Pacheco's deposition. (*See* Dkts. 159, 161.)

7. On February 24, 2025, three days prior to his scheduled deposition, in what Defendants believe was an attempt to avoid his deposition, Pacheco falsely represented to Plaintiffs' counsel that he was being released from CCDOC that day. However, Defendants conferred with CCDOC who maintained that Pacheco remained in custody, and in fact Pacheco did remain in custody. As of the filing of this motion, the CCDOC website continues to state that Pacheco is being held on no bond.

8. Counsel for Defendant City, Kelly Krauchun; counsel for Bemis, Biebel, and Special Representative Yanow, Josh Engquist; and counsel for Plaintiffs, Steve Art, all appeared in person at CCDOC. In addition, a videographer and court reporter hired by counsel for Bemis, Biebel and Special Representative Yanow appeared in person at CCDOC.

9. In addition to those attorneys in person, counsel for Defendant Miedzianowski, Lisa McElroy; and counsel for Defendant Guevara, Molly Boekeloo appeared via zoom.

10. When attorneys Krauchun, Engquist, and Art arrived at CCDOC, Cook County Sheriffs informed counsel that Pacheco was refusing to leave his cell and participate in the deposition.

11. At some point, Pacheco was brought into the room where the zoom was set up for his deposition. Attorney Lisa McElroy attempted to ask Pacheco if he was willing to participate in his deposition. At that time, Pacheco stated (not verbatim) I'm not doing this and to contact "Dan [Stohr]." Pacheco was eventually led out of the room by Sheriffs.

12. CCDOC subsequently emailed attorney for Bemis, Biebel and Special Representative Yanow, Allison Romelfanger, confirming that Pacheco had refused to participate in his deposition. (*See* Email Corr. attached hereto as Ex. 5.)

3

13. Defendants incurred a cost of $585.00 for the court reporter and videographer based on Pacheco's refusal to participate in his deposition. (*See* Invoice attached hereto as Ex. 6.)

14. The parties have tentatively agreed to attempt to depose Pacheco on April 24, 2025. Defendants request an order from this court, due to Pacheco's prior refusal to cooperate, that Pacheco show cause as to why he should not be held in contempt for his failure to attend his deposition and/or enter an order compelling Pacheco to sit for and participate in his deposition.

15. While Defendants do not seek to bar Pacheco at this time, Defendants reserve all rights to move to bar Pacheco at trial in this matter should he continue to refuse to sit for and participate in his deposition.

16. On March 26, 2025, counsel for the Defendant Officers, Allison Romelfanger, sent Plaintiffs' counsel a copy of Defendants' draft rule to show cause motion, which included a request for alternative relief requesting this Court to bar Pacheco's testimony. On March 27, 2025, Plaintiffs' counsel, Steve Art, asked for this alternative relief to be removed. While Defendants believe that there is a basis to bar Pacheco based on his actions described more fully herein, in the spirit of compromise, Defendants removed the requested alternative relief. Considering this removal, Defendants requested Plaintiffs' position regarding the amended motion. On March 28, 2025, Plaintiffs indicated their positions is as follows:

> Plaintiffs are in agreement that Mr. Pacheco should be compelled to complete his deposition. However, Plaintiffs do not believe there is presently any basis to bar Pacheco's testimony as a witness, and Defendants have not made such a showing. It is Plaintiffs' understanding that Mr. Pacheco did appear for his deposition after counsel attending in person had left the facility. Pacheco sat on the Zoom with nothing happening for 10-15 minutes before counsel for Defendant Miedzianowski spoke with him. As such, and because of his voluntary testimony during Plaintiffs' post-conviction proceedings, Plaintiffs have no reason to believe that Pacheco will not willingly provide testimony on matters relevant to this case. Notwithstanding, to ensure compliance, Plaintiffs agree that his testimony should be compelled.

4

17.     Again, the alternative relief to bar Pacheco was removed from Defendants' motion upon Plaintiffs' request. In addition, regardless of how long Pacheco sat on the zoom, he confirmed he was refusing to sit for his deposition, which was further confirmed by CCDOC. (*See supra* at ¶¶ 7, 10-12.)

18.     Defendants do not bring this instant motion to cause undue delay or prejudice to the parties. Defendants have diligently attempted to organize and carry out this deposition and to-date have been unable to do so due to Pacheco's refusal to cooperate.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court order Nelson Pacheco to show cause as to why he should not be held in contempt for failure to comply with the Defendants' subpoena and/or enter an order compelling Nelson Pacheco to sit for and participate in his deposition, and award any other such relief this Court deems just and proper.

Date: March 28, 2025                             Respectfully submitted,

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER
Atty No. 6310033
*One of the Attorneys for Defendants Geri Yanow, as Special Representative of Ernest Halvorsen deceased and Robert DeGraff deceased, Robert Biebel and Joel Bemis*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Allison L. Romelfanger
Kyle T. Christie
Jeffrey C. Grossich
Kylie R. Todd
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd, #1240A
Chicago, IL 60604
(630) 735-3300
aromelfanger@jsotoslaw.com

/s/ Kelly A. Krauchun
Kelly A. Krauchun
*One of the Attorneys for City of Chicago*

Eileen E. Rosen
Theresa Carney
Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Kelly A. Krauchun
Sabrina Scardamaglia
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000
kkrauchun@rfclaw.com

/s/ Christiane E. Murray
Christiane E. Murray
*One of the Attorneys for Defendant Reynalda Guevara*

Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd
(312)580-1030
20 S. Clark Street, Suite 1700
Chicago, IL 60603
cmurray@borkanscahill.com

/s/ Lisa M. McElroy
Lisa M. McElroy
*One of the Attorneys for Defendant Joseph Miedzianowski*

Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770

6

mcelroyl@jbltd.com

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2025, I electronically filed the foregoing DEFENDANTS' JOINT MOTION FOR ENTRY OF A COORDINATED BRIEFING SCHEDULE ON PLAINTIFFS' MOTIONS TO COMPEL DEFENDANTS TO PROCEED WITH THIRD PARTY DEPOSITIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Attorneys for Plaintiff*
Steven E. Art
Anand Swaminathan
Sean Starr
Annie D. Prossnitz
Jonathan I. Loevy
Arthur R. Loevy
Daniel J. Stohr
Isabella Aguilar
Margaret Gould
Quinn Rallins
Alyssa Martinez
Valarie Barajas
Lilly Dunkin
Marc Motter
Loevy & Loevy
311 North Aberdeen St, 3rd Fl
(312)243-5900
Chicago, IL 60607
steve@loevy.com
anand@loevy.com
sean@loevy.com
prossnitz@loevy.com
jon@loevy.com
arthur@loevy.com
dan@DanStohr.com
aguilar@loevy.com
gould@loevy.com
rallins@loevy.com
alyssa@loevy.com
valerie@loevy.com
dunkin@loevy.com
motter@loevy.com

*Attorney for Reynaldo Guevara*
Misha Itchhaporia
Graham P. Miller
Emily E. Schnidt
Timothy P. Scahill
Steven B. Borkan
Whitney N. Hutchinson
Molly Boekeloo
Christiane E. Murray
Andrea F. Checkai
Drew Wycoff
Borkan & Scahill, Ltd
(312)580-1030
20 S. Clark Street, Suite 1700
mitchhaporia@borkanscahill.com
gmiller@borkanscahill.com
eschndit@borkanscahill.com
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
mboekeloo@borkanscahill.com
cmurray@borkanscahill.com
acheckai@borkanscahill.com
dwycoff@borkanscahill.com

**Attorney for Joseph Miedzianowski**
Brian P. Gainer
Lisa M. McElroy
Johnson & Bell, Ltd
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-372-0770
gainerb@jbltd.com
mcelroyl@jbltd.com
miltonr@jbltd.com
gavrilenkak@jbltd.com

**Attorney for City of Chicago**
Eileen E. Rosen
Theresa Carney
Catherine Barber
Austin Rahe
Andrew Grill
Lauren Ferrise
Kelly A. Krauchun
Sabrina Scardamaglia
Rock Fusco & Connelly, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
(312)494-1000
erosen@rfclaw.com
tcarney@rfclaw.com
cbarber@rfclaw.com
arahe@rfclaw.com
agrill@rfclaw.com
lferrise@rfclaw.com
kkrauchun@rfclaw.com
sscardamaglia@rfclaw.com

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER
*One of the Attorneys for Defendants Geri Yanow, as Special Representative of Ernest Halvorsen deceased and Robert DeGraff deceased, Robert Biebel and Joel Bemis*