LAW OFFICES
# ROCK FUSCO & CONNELLY, LLC

EILEEN E. ROSEN
DIRECT: 312-970-3446

333 WEST WACKER DRIVE
19TH FLOOR
CHICAGO, ILLINOIS 60606
(312) 494-1000
FAX (312) 494-1001
WWW.RFCLAW.COM

EMAIL:
EROSEN@RFCLAW.COM

April 2, 2025

**VIA E-FILING**
Hon. Jeremy C. Daniel
District Judge
U.S. District Court for the
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

      Re: *Hernandez et al. v. Guevara, et al.* Case No. 23-CV-1737
           Defendants' Correspondence Regarding Outstanding Discovery Issues

Dear Judge Daniel:

      This correspondence is being sent pursuant to this Court's direction in Dkt. 166, wherein the Court directed as follows: **"[t]he plaintiffs shall identify any outstanding discovery issues related to their prior motion to compel on or before March 26, 2025. The defendants shall respond to those issues on or before April 2, 2025."** (emphasis added). Plaintiffs' March 26, 2025 letter to this Court significantly expands on the scope of its September 6, 2024 "Motion to Compel Defendant City of Chicago to Produce Agreed-Upon Documents." Dkt. 121

      The "relevant background" section of Plaintiffs' correspondence which spans almost two pages single spaced is not only inaccurate but is irrelevant based upon this Court's March 19, 2025 Order, which asked Plaintiffs to identify any outstanding discovery issues related to the prior motion to compel. Dkt. 166. Nonetheless, because Plaintiffs appear to be using the "relevant background" section to argue for more discovery than they originally requested and, more importantly, in light of this Court's order denying "all other non-Monell fact discovery not presently subject to a motion to compel or prior discovery order," Dkt. 166, Defendants feel the need to respond to the inaccuracies.

      First, the implication that Miedzianowski *and Guevara* were involved in a criminal conspiracy where they engaged in "a wide array of illegal conduct, including fixing criminal cases, engaging in violent crimes, and obstructing federal criminal investigations and threatening the lives of federal officials" resulting in their criminal prosecution is simply not supported by the evidence. To be clear, Guevara has never been charged with any crime. Second, while Fred Rock was charged with Miedzianowski as a co-conspirator, Plaintiffs' characterization of Rock as the "star witness" in the prosecution is simply not supported when the evidence introduced at the trial

is examined. In support of their "relevant background", Plaintiffs' cherry-picked testimony from Rock's deposition testimony. Defendants dispute the credibility of his account and, more importantly, object to Plaintiffs' attempt to use that testimony to obtain previously unrequested discovery. Finally, there is no evidence that "as a result of the Garza homicide, CPD internal affairs investigators and supervisors discovered misconduct by "Miedzianowski, Woodall, and others." As set forth below, the issues actually related to Plaintiffs' Motion to Compel have been largely, if not entirely resolved. And Plaintiffs' attempt to include never before sought discovery under the umbrella of their prior Motion should be rejected.

### A. Plaintiffs' September 6, 2024 "Motion to Compel Defendant City of Chicago to Produce Agreed-Upon Documents" Dkt. 121

On September 6, 2024, Plaintiffs filed a "Motion to Compel Defendant City of Chicago to Produce Agreed-Upon Documents" ("Plaintiffs' MTC"). Dkt. 121. In their motion, Plaintiffs identified specific documents that they believed were responsive to their discovery requests to the City and still outstanding. On September 10, 2024, the Parties appeared before this Court for hearing, the Court entered and continued Plaintiffs' MTC until October 8, 2024, and directed the parties to confer and attempt to resolve the remaining discovery issues. Dkt. 124. Since that time, the Parties have filed two (2) status reports in which the progress of discovery related to the specific issues in Plaintiffs MTC were addressed. Dkts. 144, 156.

Now, for the first time, as set forth below, Plaintiffs have expanded the scope of their MTC in order to obtain discovery not sought prior to this Court's March 19 order.

### B. Defendants' Position on Outstanding Discovery Issues

Pursuant to this Court's March 19, 2025 order (Dkt. 166), the City provides its update and its position as it relates to any outstanding document production from the City.

1. **IR Jackets** – In the parties' March 24th conferral, the City confirmed that it produced complete copies of all IR jackets, as they existed in paper format, for the list of witnesses identified by Plaintiffs, to the extent they exist. Further, the City agreed to investigate Plaintiffs' request, made for the first time on March 4, 2025, for information related to an electronic version of the information previously contained in the paper format IR jacket, specifically whether an electronic version of the criminal history log exits. To date, the City has not been able to identify an electronic version of the criminal history log but it has not yet exhausted its investigation.

2. **Arrest Reports** – The Parties have agreed to a compromise wherein the City will produce (1) the arrest reports for a limited time frame of December 27, 1995 – December 27, 1997 (18 months before the shooting and 6 months after) for Omar Vazquez, and Eddie Cabreara, (2) Plaintiffs have agreed to identify specific arrests for Edgardo Colon and Ricardo Flores that they seek reports for; and (3) the City agreed to produce the arrest reports for the remaining individuals identified in Plaintiffs' July 2024, correspondence, which totals 32 individuals, for a period of three years before the murder and six months after the murder. As of the final conferral, the City has ordered 96 arrest reports, which will be produced on a rolling basis as they are received. The

City has agreed to this compromise for this case only, and does not agree to deviate from the longstanding and established protocol wherein Plaintiffs' counsel identifies specific arrests for specific individuals.

3. **Personnel File for Miedzianowski** – The City confirmed that Miedzianowski's personnel file was signed out and not returned. The individual who appears to have signed out the file is retired and the City is trying to locate him and interview him. The City agrees that if it is able to locate the file, it will be produced.

4. **Miedzianowski Complaint Register Files** – The City has produced all of the CR files that appear on Miedzianowski's complaint history, including a less-redacted version of CR 245152, which Plaintiffs confirmed receipt of. The City explained that there is one CR, listed on Miedzianowski's complaint history that has not been produced because the accused officer is not Miedzianowski. Instead, this CR pertains to another individual with a similar name but with a different date of birth, social security number, and detail description.

5. **Other Complaint Register Files** – The City has produced all of the CR Files that appear on Miedzianowski's and Guevara's complaint histories. Pursuant to Plaintiffs' March 26, 2025 correspondence, Plaintiffs believe that there is a CR related to the City's investigation of the Garza Murder that involves Jon Woodall, who is not a defendant in this litigation, and was *not* prosecuted with Miedzianowski. The City is investigating whether this CR exists and if it does, will review upon receipt to determine its relevance and whether it exceeds the scope of Plaintiffs' motion to compel.

6. **The Garza Murder Investigation File** – The City takes issue with Plaintiffs' assertion that this file was "previously undisclosed," and any implication that the file was responsive to any of the discovery requests implicated in Plaintiffs' MTC. The request for this file came, for the first time, during the Parties conferral on March 6, 2025, and therefore is now untimely based upon this Court's order denying the motion for extension as to all additional non-*Monell* discovery. That being said, and because the City had agreed to produce this file before the Court entered the March 19 order, the City has agreed to waive its objections, and has requested the file which will be produced upon receipt.

7. **Records Division and Investigative Files** – The City ordered the files related to RDs C137305, C177206, C107921, and C137305 and will produce them, if they still exist, upon receipt.

8. **Documents Relating to CPD and Federal Investigations of Miedzianowski** – The City has produced the CR related to the federal prosecution and is investigating whether any additional communications, reports, and memoranda related to the investigation should be included in the CR File.

9. **Documents Relating to Non-Defendant Officers' Participating in the Miedzianowski Conspiracy:** As the City made clear in the March 24, 2025 conferral, documents relating to non-Defendant Officers are not within the scope of the permitted discovery based on this Court's March 19 Order and regardless, are not relevant to this case because no defendants in this case were

named in either the criminal conspiracy naming Miedzianowski or the later criminal conspiracy naming Woodall. The City also disagrees with Plaintiffs' assertion that Woodall's criminal prosecution was connected to Miedzianowski's prosecution. The City is awaiting Plaintiffs' statement in writing to determine whether it will waive its objections.

**10. Cold Case Investigations** – The City continues its investigation as it relates to Miedzianowski.

**11. Confirmation that all Gonzalez Murder Investigation Files have been produced** – The City will provide a certification that a search for all investigative files relating to the underlying Gonzalez murder at issue in this case has been completed and that all responsive documents have been produced.

**12. Touhy Requests to the U.S. Attorneys Office and FBI** – Defendants learned of Plaintiffs' *Touhy* requests and subpoenas to the U.S Attorney's Office and the FBI for the first time via Plaintiffs' March 26, 2025, correspondence to this Court. (Dkt. 166). Having never received notice of these requests and subpoenas, upon review of Plaintiffs' March 26, 2025 filing, Defendants asked Plaintiffs to explain their reference to *Touhy* requests and subpoenas.

In response, on March 27, 2025, Plaintiffs sent an email correspondence attaching a letter to Defense counsel and labeled "RE *Touhy* Letters and Subpoenas in Guevara Cases" dated March 27, 2025; a document labeled "Plaintiff's Rider to Subpoena & *Touhy* Request" addressed to FBI Headquarters and dated December 19, 2024; a document labeled "Plaintiff's Rider to Subpoena & *Touhy* Request" addressed to Acting United States Attorney, Eastern Division Chicago and dated December 19, 2024; a document labeled "Plaintiff's Rider to Subpoena & *Touhy* Request" addressed to Douglas S. DePodesta, Special Agent in Charge, FBI – Chicago Field Office and dated December 19, 2024; a subpoena issued to Douglas S. DePodesta, Special Agent in Charge, FBI Chicago Field Office dated January 8, 2025 (absent any proof of service); a subpoena issued to Morris Pasqual, Acting United States Attorney, Eastern Division (Chicago) dated January 8, 2025 (absent any proof of service); and a subpoena issued to Unit Chief of the Civil Litigation Unit, FBI Headquarters dated January 8, 2025 (absent any proof of service).

Defendants object to each of the above-referenced subpoenas and *Touhy* requests. First, they were issued in violation of Rule 45 as Plaintiffs never provided notice and copies of these subpoenas to Defendants prior to serving them on these entities. Rather, Plaintiffs didn't provide any notice until Defendants questioned Plaintiffs' March 26, 2025 correspondence to this Court attaching these subpoenas and *Touhy* letters. Additionally, Defendants are unclear as to whether riders were attached to the subpoenas or whether the letters themselves served as the rider to the subpoenas and thus sought clarification from Plaintiffs, but have yet to receive a response. Furthermore, Plaintiffs' subpoenas are untimely as this Court set the deadline for parties to issue subpoenas by December 19, 2024, but it appears they were not issued until January 8, 2025, 3-weeks after the Court-ordered deadline, and Plaintiffs failed to seek leave of Court to issue them. (Dkt. 153).

**13. Interrogatory to Defendant Guevara** - Plaintiffs issued their Third Set of Interrogatories and Fourth Request for Production to Defendant Guevara on February 6, 2025 and Defendant Guevara objected to both on the basis, among other things, that both violated this Court's November 14, 2024 Order, requiring all written discovery to be issued by December 19, 2024. (Dkt. 153). Defendant Guevara continues to stand on these objections. Furthermore, this is a poignant example as to how Plaintiffs lumped into their March 26, 2025 correspondence requests that expand beyond the September 2024 MTC in an attempt to circumvent this Court's orders.

Respectfully Submitted,

*/s/ Eileen E. Rosen*
Counsel for Defendant City of Chicago
Rock Fusco & Connelly, LLC

/*s/ Allison Romelfanger*
Counsel for Individual Defendant Officers
The Sotos Law Firm, PC

*/s/ Christiane Murray*
Counsel for Defendant Guevara
Borkan & Scahill, Ltd.