IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY FERGUSON**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **COOK COUNTY, ILLINOIS**, a municipal corporation, **CITY OF CHICAGO**, a municipal corporation, **RICHARD BEDNAREK**, an individual and as an employee of the Chicago Police Department and an employee of D-BATS, Inc., <br> **JOHN D. BARLOGA**, an individual and as an employee of the Cook County Sheriff, <br> **ABELARDO MERCADO**, an individual and as an employee of the Cook County Sheriff, <br> **EDDIE ISHOO**, an individual and as an employee of the Cook County Sheriff, and <br> **D-BATS Inc**., an Illinois corporation. <br><br> Defendants. | Case No. 1:20-cv-04046 <br><br> Honorable Robert M. Dow, Jr <br><br> Magistrate Gabriel A. Fuentes |

**<u>DEFENDANTS BEDNAREK'S and D-BATS' MOTION FOR SUMMARY JUDGMENT</u>**

Now comes Defendants, RICHARD BEDNAREK ("Bednarek") and D-BATS Inc. ("DBI")(collectively "D-BATS"), by and through undersigned counsel, and hereby move this Honorable Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the United States District Court for the Northern District of Illinois, for summary judgment ("Motion"), and in support of the Motion and accompanying Memorandum of Law in Support thereof, states as follows.

1. Plaintiff asserted numerous claims against the Defendants. Those claims that Plaintiff asserted against D-BATS were:

    A.    Count I:    Civil Rights Violation Under 42 U.S.C. §1983 – Due Process;
    B.    Count II:    42 U.S.C. §1983 – False Imprisonment

  C. Count III: 42 U.S.C. §1983 – Coerced Confession
  D. Count IV: 42 U.S.C. §1983 – 6th Amendment
  E. Count V: Section 1985(3) – Conspiracy
  F. Count VI: Section 1983 – Conspiracy to Deprive Constitutional Rights
  G. Count VIII: State Law Claim – Malicious Prosecution
  H. Count IX: State Law Claim – Civil Conspiracy
  I. Count X: State Law Claim – Intentional Infliction of Emotional Distress
  J. Count XI: State Law Claim – False Imprisonment
  K. Count XII: State Law Claim – False Police Report
  L. Count XV: State Law Claim – Unreasonable Detention
  M. Count XVI: State Claim – Unlawful Detention
  N. Count XVII: Kidnapping

 Dkt: 1.

2. D-BATS filed a motion to dismiss all claims against him. This Court granted the motion to dismiss in part and denied it in part, ultimately ruling that the following claims remained:

a. Count II and VI against Bednarek only (Section 1983 False Imprisonment, Section 1983 Conspiracy), and
b. D-BATS remained as a Defendant in Counts IX, X and XI against D-BATS(civil conspiracy, intentional infliction of emotional distress, and false imprisonment). Dkt. 76, 77.[1]

3. D-BATS and Bednarek filed an answer to the counts remaining against them following this Court's dismissal of numerous counts pursuant to the aforementioned motion to dismiss. D-BATS and Bednarek denied the operative allegations against them. Dkt. 83.

4. It is undisputed that FRCP 26(a)(1)(A) states that "a party must, without awaiting a discovery request, provide the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defenses…"

5. FRCP 26(E) states that a "party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case…"

6. Where there is no justification for a failure to produce Rule 26(a) disclosures, exclusion of evidence is justified. *Finch v. Fort Motor Co.*, 2004 U.S. Dist. LEXIT 17626, pp. 6-7; *Miksis v. Howard*, 106 F. 3d 754, 760 (7th Cir. 1997)("a party who fails to disclose information * * * in accordance with Rule 26(a) 'shall not, unless such failure is harmless, be permitted to use as evidence at a trial…<u>any witness</u>…not so disclosed.'" *Miksis*, citing *Finley v. Marathon Oil Co.*, 75 F. 3d 1225, 1230 (7th Cir. 1996)(emphasis added).

---

[1] D-BATS' motion to clarify the Court order on its motion to dismiss was granted, clarifying the remaining counts against D-BATS. Dkt. 79.

7. Plaintiff never issued/filed FRCP 26(a) disclosures. As a result, Plaintiff cannot be permitted to call any witness at trial. As an end result, Plaintiff cannot make a prima facie case as to any of his claims against D-BATS.

8. It is undisputed that FRCP 26(E) states that a "party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case…"

9. The undisputed evidence demonstrates that Plaintiff did not comply with FRCP 26(a), that Plaintiff was a trespasser and was lawfully detained.

10. The evidence demonstrates that Plaintiff was trespassing, that there was no false imprisonment of Plaintiff.

11. Plaintiff lacks the requisite foundation (expert witness) to make a claim of false imprisonment.

12. Further, Plaintiff lacks any evidence indicating a conspiracy between Bednarek/D-BATS and the Cook County Sheriff defendants.

13. Additionally, the evidence demonstrates that Plaintiff cannot support or maintain a claim for intentional infliction of emotional distress.

WHERFORE, for the reasons stated above and detailed in the Memorandum in Support of their Motion for Summary Judgment, Defendants RICHARD BEDNAREK and D-BATS Inc. respectfully request that this Court grant their motion for summary judgment and dismiss all counts against them, with prejudice, and award costs.

*/s/Thomas J. Olson*
Thomas J. Olson
Kopka, Pinkus & Dolin, P.C.
200 West Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
Email: tjolson@kopkalaw.com
**Counsel for Defendants Bednarek and D-Bat's, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically filed Defendants, RICHARD BEDNAREK and D-BATS, INC.'S Motion for Summary Judgment and Memorandum of Law in Support of Their Motion for Summary Judgment, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Beau Brindley
Brindley Law Firm
bbbrindley@gmail.com

Maxwell E. Lisy
Simerdeep Kaur
City of Chicago, Department of Law
Maxwell.lisy@cityofchicago.org
Simerdeep.kaur@cityofchicago.org

John C. Coyne
Law Offices of John C. Coyne
Jcc@johncoynelaw.com

                                              Respectfully submitted,

By:    */s/ Thomas J. Olson*

Thomas J. Olson
KOPKA PINKUS DOLIN PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
tjolson@kopkalaw.com
Attorney No.: 6278169